1  Mark Holscher (SBN 139582)
   mark.holscher@kirkland.com
2  R. Alexander Pilmer (SBN 166196)
   alexander.pilmer@kirkland.com
3  John Christopher Korevec (SBN 310157)
4  john.korevec@kirkland.com
   KIRKLAND & ELLIS LLP
5  555 South Flower Street, Suite 3700
   Los Angeles, California 90071
6  Telephone: (213) 680-8400
7  Facsimile:  (213) 680-8500

8  *Attorneys for the Clorox Company*

9
10                    **UNITED STATES DISTRICT COURT**
11                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In the matter of Application of ELEANOR de LEON Under 28 U.S.C. § 1782 for Discovery from The Clorox Company,**<br><br>**Petitioner.** | CASE NO. 4:19-mc-80296-DMR<br><br>**THE CLOROX COMPANY'S MOTION TO QUASH ELEANOR DE LEON'S SUBPOENAS UNDER 28 U.S.C. § 1782 AND RULE 45; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declarations of Todd Brock, Mark Danis, and Mark Holscher Filed Concurrently*]<br><br>Mag. Judge:     Hon. Donna M. Ryu<br>Hearing Date:  Not Set Yet<br>Time:          Not Set Yet<br>Courtroom:     No. 4 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45 and 28 U.S.C. § 1782, the Clorox Company ("Clorox") hereby moves this Court to quash the subpoenas issued by Petitioner Eleanor de Leon on April 13, 2020 (the "Subpoenas"). This motion is based on this Notice of Motion, the accompanying Memorandum, the concurrently filed Declarations of Mark Holscher, Todd Brock, and Mark Danis, and such other matters, both oral and documentary, as may properly come before this Court.

Clorox requests the Subpoenas be quashed because (1) they are substantially overbroad and unduly burdensome and (2) 28 U.S.C. § 1782 does not allow their issuance. The Subpoenas are directed to Clorox, but the Subpoenas facially seek information relating to two Saudi-based joint venture entities, Abudawood & Partners and National Cleaning, in which Clorox (through legally separate entities incorporated in the Cayman Islands and Delaware) only indirectly holds an interest. Further, the Subpoenas contain 101 document requests and 46 deposition topics, compliance with which would place an undue burden on Clorox. Further, the relationship with the relevant entities spans back to the 1960s, and many of Ms. de Leon's discovery requests are not limited by date. The individual requests are also substantially overbroad and seek information that is not in Clorox's possession, are not relevant to the issues that Ms. de Leon has identified and are improperly directed to a disinterested nonparty instead of a party to the ongoing litigation in Saudi Arabia. In addition to being in violation of Rule 45, Ms. de Leon's Subpoenas should not have been issued in the first instance, because neither the mandatory factors of Section 1782, nor the discretionary factors of *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004) have been met.

Clorox therefore moves this Court for an order quashing the Subpoenas in their entirety, or, in the alternative, modifying the Subpoenas such that Clorox need not provide any information in response to individual unduly burdensome requests.

| | |
|---|---|
| DATED:  May 4, 2020 | Respectfully submitted, |
| | */s/ Mark Holscher* |
| | Mark Holscher (SBN 139582) |
| | mark.holscher@kirkland.com |
| | R. Alexander Pilmer (SBN 166196) |
| | alexander.pilmer@kirkland.com |
| | John Christopher Korevec (SBN 310157) |
| | john.korevec@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 555 South Flower Street, Ste. 3700 |
| | Los Angeles, California 90071 |
| | Telephone: (213) 680-8400 |
| | Facsimile:  (213) 680-8500 |
| | |
| | *Attorneys for the Clorox Company* |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF PERTINENT FACTS ........................................................................... 2

    A. Abudawood & Partners and National Cleaning Are Joint Venture Entities Located In Saudi Arabia, Not The Northern District Of California. .................................. 2

    B. Ms. de Leon's Overbroad Discovery Raises Concerns in Light of the Strains Already Placed on Clorox's Operations Caused by the COVID-19 Pandemic. .................. 3

III. ARGUMENT ....................................................................................................................... 4

    A. The Subpoena Should Be Quashed Under Rule 45 and 28 U.S.C. § 1782. ......................... 4

    B. All The *Intel* Factors Weigh In Favor of Clorox's Motion to Quash. ............................... 7

        1. As Described in the Proposed Intervenors' Concurrently Filed Motion, the First Three *Intel* Factors All Weigh Against Permitting Ms. de Leon's Subpoenas to Stand. ................................................................................................ 8

        2. Since Complying with Ms. de Leon's Subpoenas Would Be Burdensome Under Normal Circumstances and Acutely So Due to COVID-19 Restrictions, Ms. de Leon's Section 1782 Subpoenas Are Also Inappropriate Under the Fourth *Intel* Factor. ............................................................ 8

IV. CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ASUSTeK Comput. Inc. v. Round Rock Research, LLC*,
  2013 WL 6000992 (N.D. Cal. Nov. 12, 2013) ....................................................................... 5

*In re Citric Acid Litig.*,
  191 F.3d 1090 (9th Cir. 1999) ........................................................................................... 5, 6

*In re del Valle Ruiz*,
  939 F.3d 520 (2d Cir. 2019) ................................................................................................ 10

*In re Fischer Adv. Composite Components AG*,
  2008 WL 5210839 (W.D. Wash. Dec. 11, 2008) ................................................................. 9

*Gushlak v. Gushlak*,
  486 F. App'x. 215 (2d Cir. 2012) (applying Rule 45 to a § 1782 application) ..................... 9

*In re IKB Deutsche Industriebank AG*,
  2010 WL 1526070 (N.D. Ill. Apr. 8, 2010) .......................................................................... 9

*In re Certain Funds, Accounts, and/or Inv. Vehicles Managed by Affiliates of Fortress
  Inv. Grp. LLC*, 2014 WL 3404955 (S.D.N.Y. July 9, 2014) ................................................ 5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ..................................................................................................... *passim*

*JSC MCC EuroChem v. Chauhan*,
  2018 WL 9650037 (6th Cir. Sept. 14, 2018) ....................................................................... 7

*Kestrel Coal Pty. Ltd. v. Joy Glob. Inc.*,
  362 F.3d 401 (7th Cir. 2004) ............................................................................................ 5, 6

*In re Letters Rogatory from Tokyo Dist.*,
  539 F.2d 1216 (9th Cir. 1976) ............................................................................................. 1

*Nidec Corp. v. Victor Co. of Japan*,
  249 F.R.D. 575 (N.D. Cal. 2007) ......................................................................................... 9

*In re Petrobras Sec. Litig.*,
  393 F. Supp. 3d 376 (S.D.N.Y. 2019) .............................................................................. 4, 7

*In re Pursuant to 28 U.S.C. Sec. 1782 for Discovery from Slawomir Kaczor & Tomasz
  Rogucki*,
  2014 WL 4181618 (S.D. Ohio Aug. 21, 2014) ............................................................... 6, 10

*Salcido-Romo v. S. Copper Corp.*,
    2016 WL 3213212 (D. Ariz. June 10, 2016) ....................................................................................5

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
    376 F.3d 79 (2d Cir. 2004)..............................................................................................................8

*Sergeeva v. Tripleton International Ltd.*,
    834 F.3d 1194 (11th Cir. 2016) ......................................................................................................6

*Soto v. Castlerock Farming & Transp., Inc.*,
    282 F.R.D. 492 (E.D. Cal. 2012) ....................................................................................................9

**Statutes**

28 U.S.C. § 1782................................................................................................................... *passim*

**Rules**

Fed. R. Civ. P 45 .................................................................................................................. *passim*

**I.      INTRODUCTION**

As invited by this Court[1], third party The Clorox Company ("Clorox") requests that Eleanor de Leon's discovery subpoenas be quashed. Ms. de Leon demands production from Clorox of documents responsive to 101 separate requests—many of which are unconstrained by any time limitation—and to produce witnesses for deposition to testify about 46 topics. Said demands would force Clorox to collect and review nearly six decades of documents and, accordingly, does not comport with Rule 45's mandate to minimize burden on third parties.

Ms. de Leon is engaged in global litigation regarding the value of certain assets—largely Saudi Arabian businesses—owned by her late husband. There is no reason to pull Clorox, a company based in Oakland which owns no direct interest in any of the entities at issue, into Ms. de Leon's litigation web. Moreover, as the relevant joint venture entities, Mohamad Ali Abudawood & Partners for Industry Company ("Abudawood & Partners") and National Cleaning Products Company ("National Cleaning"), are located in Saudi Arabia, and there is pending litigation in Saudi Arabia, it is in Saudi Arabia where Ms. de Leon should seek her discovery. To the extent that Cayman Islands-incorporated Clorox (Cayman Islands) Limited ("Clorox Cayman") or the Delaware-incorporated Clorox International Company ("Clorox International") have documents concerning Abudawood & Partners and National Cleaning, these documents would likely be limited to those provided to them as shareholders. If Ms. de Leon is entitled to these documents in her overseas litigation, she can obtain them from Abudawood & Partners, National Cleaning, or Al Wafra International Company for Industrial Investments ("Al Wafra"),[2] and there is no reason to burden Clorox with searching for the same documents. Further, to comply with the subpoenas, Clorox would have to conduct an extensive domestic and international search of both hardcopy and electronic documents, including historical documents at offsite storage facilities which may go as far back as the 1960s.

---

[1]  When Ms. de Leon's subpoenas were issued, the Court had no opportunity to hear Clorox's objections to the subpoenas and expressly preserved Clorox's right to quash the subpoenas. (ECF No. 24 at 6 (citing *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976)).)

[2]  As described in the Proposed Intervenors' concurrently filed Motion to Quash, Al Wafra is a Saudi-based company that also owns interest in Abudawood & Partners and National Cleaning. Al Wafra is currently a party to the underlying Saudi proceedings. Clorox does not own any interest in Al Wafra.

1

THE CLOROX COMPANY'S MOTION TO QUASH ELEANOR DE LEON'S SUBPOENAS

Further, even if Ms. de Leon's requests were directed to joint ventures located here in the United States, and even if those joint venture entities were managed directly by Clorox, and even had Ms. de Leon requested information relating to ongoing litigation in this district, all of which is not the case, an order quashing the subpoenas would still be warranted. Given the incredible scope and breadth of Ms. de Leon's subpoenas, and the lack of any time limitation for dozens of her requests, Ms. de Leon's subpoenas fail under Section 1782 and Rule 45.

Moreover, Ms. de Leon's overbroad, jurisdictionally-suspect subpoenas are even less appropriate today, than if they were issued during normal business operations. Clorox has been under government-mandated stay-at-home orders since March in light of the current COVID-19 pandemic. Accordingly, Clorox's U.S. and international offices are closed and no physical searches for documents related to this discovery proceeding can be conducted. And, even if some searches could be conducted electronically from employees' homes, such searches would unreasonably strain Clorox's already stretched legal and business teams. Clorox's internal legal team—the same personnel who would be required to respond to the subpoenas—has been working for months to manage a myriad of local, state, and federal laws stemming from the pandemic impacting its business and facilities around the country. In addition, to the extent responsive documents exist (assuming this Court even has jurisdiction over non-U.S. based entities), finding them would require a national and international search. Clorox's counsel has sought to meet and confer with counsel for Ms. de Leon to mitigate this burden, but Ms. de Leon has not agreed to any reasonable accommodations, including an extension of time to file the present Motion.

## II.     STATEMENT OF PERTINENT FACTS

### A.     Abudawood & Partners and National Cleaning Are Joint Venture Entities Located In Saudi Arabia, Not The Northern District Of California.

Ms. de Leon's document subpoena asks Clorox to search for and produce documents relating to topics that plainly are better addressed to Abudawood & Partners and National Cleaning. For example, the subpoena demands Clorox produce corporate formation documents, documents demonstrating all owners in, and documents demonstrating all jurisdictions in which Abudawood & Partners, National Cleaning, and Al Wafra are authorized to do business. (*See*, *e.g.*, ECF No. 25, Req. Nos. 1-3, 6-8, 16-18). The subpoena is replete with examples of requests that plainly do not involve Clorox.

Abudawood & Partners and National Cleaning are Saudi-based joint venture entities that distribute consumer goods in Saudi Arabia and the Middle East. (Brock Decl. ¶ 2.) Clorox does not own any direct interest in either entity. (*Id.* ¶ 3.) Rather, Clorox holds an interest in the joint ventures through two other entities—the Cayman Islands-incorporated Clorox Cayman that owns a 30% interest in Abudawood & Partners, and the Delaware-incorporated Clorox International that owns a 30% interest in National Cleaning. (*Id.*)[3] Clorox Cayman and Clorox International are separate legal entities from the Oakland-based Clorox. (*Id.*)

The business and finance teams for Clorox's Saudi operations are primarily located in London. (*Id.* ¶ 5.) However, the day-to-day operations of Abudawood & Partners and National Cleaning are controlled by the Saudi shareholders. (*Id.* ¶ 3.) Thus, identifying and retrieving the materials responsive to Ms. de Leon's document subpoena will involve a domestic and international search of both hardcopy and electronic documents, and would largely be limited to materials Abudawood & Partners, National Cleaning, and Al Wafra also have themselves. (Danis Decl. ¶¶ 3 & 4.) Clorox anticipates that a comprehensive examination of even these documents may require a review at Clorox's offices in London, Dubai, and Oakland, as well as at off-site storage facilities, which are currently closed due to the COVID-19 global pandemic. (Brock Decl. ¶ 6.) As the relationship with the relevant entities has been ongoing since the 1960s, and many of Ms. de Leon's requests are not limited by date, this search would be particularly time-consuming and expensive. (*See id.*)

### B. Ms. de Leon's Overbroad Discovery Raises Concerns in Light of the Strains Already Placed on Clorox's Operations Caused by the COVID-19 Pandemic.

Even under normal circumstances, responding to Ms. de Leon's 101 separate document request categories and 46 unique deposition topics would be excessively burdensome. (*See* Danis Decl. ¶ 5-7.) This burden is enhanced by the fact that many of the discovery requests are not even limited by date. (*See*, *e.g.*, ECF No. 25, Req. Nos. 1, 3–6, 8–11, 13–16, 18–22, 63–101.) Further, to the extent Ms. de Leon also seeks documents that, if they exist, would be located abroad, complying with such requests would impose

---

[3] Separate Saudi-based entities own the rest of Abudawood & Partners and National Cleaning. (Brock Decl. ¶ 3.) Specifically, Al Wafra owns a 30% interest in both joint ventures, and Saudi-based Hussein Hassan Abudawood & Partners Holding Co. ("Hussein Hassan") owns a 40% interest. (*Id.*) Clorox holds no interest in either Al Wafra or Hussein Hassan. (*Id.* ¶ 4.)

additional burdens due to the need to comply with the data privacy laws of various jurisdictions prior to releasing any productions (such as the data privacy laws of the United Kingdom). (Danis Decl. ¶ 6; Brock Decl. ¶5.)

In addition, in light of the severe restrictions placed on business operations as a result of the COVID-19 pandemic and related stay-at-home orders in place in Oakland and elsewhere, compliance would be largely impracticable, particularly in the short amount of time Ms. de Leon has provided Clorox to respond. (*See* Danis Decl. ¶¶ 6 & 7.) Although Ms. de Leon's subpoenas demand the production of documents by no later than May 11, 2020, key Clorox personnel will not even be returning to their offices until June 1, 2020—in a best-case scenario. (*Id.* ¶ 6.) Yet in the face of these difficult circumstances, on April 28, 2020, Ms. de Leon's counsel indicated that Ms. de Leon would not agree to extend the time permitted to comply with the subpoenas or to extend the time for the filing of this motion while the parties tried to reach some accommodation. (*See* Holscher Decl., Ex. A.) Clorox attempted to meet and confer with Ms. de Leon's counsel in an effort to agree to either (a) a more narrowly tailored document production; or (b) an extension of time to file this Motion while pursuing a possible out-of-court resolution. (Holscher Decl. ¶¶ 2-5, Ex. B.) As of this filing, Ms. de Leon has not agreed to either of these requests. (*Id.* ¶ 5.) Ms. de Leon's demand for Clorox to immediately comply with 147 unique discovery requests in support of Saudi proceedings, which have been effectively stayed due to COVID-19, is patently unreasonable.

### III. ARGUMENT

#### A. The Subpoena Should Be Quashed Under Rule 45 and 28 U.S.C. § 1782.

Under 28 U.S.C. § 1782, a district court *may* permit discovery only when (1) the target is found in the judicial district; (2) the discovery is meant for use before a foreign tribunal; and (3) the subpoenas were requested by a foreign tribunal or an interested party. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-49 (2004). Where a Section 1782 petitioner fails to satisfy any of these mandatory, threshold requirements, the court must deny the petition without regard to any of *Intel*'s discretionary factors. *See In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 380 (S.D.N.Y. 2019) (denying application where the "motion fail[ed] to satisfy the first and second requirements"). Here, Ms. de Leon's Petition fails to satisfy the first and second requirements.

1    First, while Clorox resides in this district, as its headquarters are in Oakland, Ms. de Leon's actual discovery requests seek documents from separate Saudi joint venture entities in which Clorox is only an indirect interest holder, with that interest being held through two legally distinct entities—Clorox Cayman and Clorox International. (*See* Brock Decl. ¶ 3.) As the Seventh Circuit has explained analogizing Section 1782 to Rule 34, "[o]ne uses [Rule] 34 to get documents from firms that possess them, not from their corporate affiliates." *See Kestrel Coal Pty. Ltd. v. Joy Glob. Inc.*, 362 F.3d 401, 405 (7th Cir. 2004) (rejecting an attempt to use Section 1782 to subpoena a U.S. parent company in order to get documents from an international subsidiary); *see also Salcido-Romo v. S. Copper Corp.*, 2016 WL 3213212, at *3 (D. Ariz. June 10, 2016). Section 1782 "neither instructs, nor permits, courts to disregard the distinction between the corporation that owns a set of documents, and a different corporation that owns stock in the first entity" absent piercing the corporate veil. *Kestrel*, 362 F.3d at 405. A mere affiliation with a domestic entity does not make a foreign corporation "found" in the judicial district for the purposes of Section 1782. *In re Certain Funds, Accounts, and/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp. LLC*, 2014 WL 3404955, at *5 (S.D.N.Y. July 9, 2014) (rejecting the argument that KPMG International was "found" in S.D.N.Y. because its U.S. affiliate was in NYC—noting they were "distinct legal entities") (citation and internal quotation marks omitted).

A Rule 45 analysis mandates the same result. To require a company to produce a subsidiary's documents, the discovery proponent must prove that the subpoenaed party has control over the requested documents. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999); *see also ASUSTeK Comput. Inc. v. Round Rock Research, LLC*, 2013 WL 6000992, at *1-2 (N.D. Cal. Nov. 12, 2013). The Ninth Circuit defines control "as the legal right to obtain documents upon demand." *In re Citric Acid*, 191 F.3d at 1107 (citation omitted). Even a showing that the subpoenaed party has the practical ability to obtain the documents from a foreign subsidiary does not form a sufficient basis for compelling discovery, unless the party has actual, "legal control" of the documents. *Id.* Mere "proof of theoretical control is insufficient; a showing of actual control is required." *Id.*

Ms. de Leon has made no showing that Clorox has the legal right to obtain documents on demand from any of the entities mentioned in the subpoena—including the two Saudi joint venture entities in which it holds only an indirect interest. Likewise, she has not shown that Abudawood & Partners and

National Cleaning are "found" in this district. "[I]n the absence of any evidence indicating that . . . the persons from whom [Petitioner] seeks discovery, can be 'found' in the District, [Petitioner] has failed to make the requisite *prima facie* showing of residency for Section 1782." *In re Pursuant to 28 U.S.C. Sec. 1782 for Discovery from Slawomir Kaczor & Tomasz Rogucki,* 2014 WL 4181618, at *2 (S.D. Ohio Aug. 21, 2014). Indeed, Ms. de Leon's Saudi counsel concedes that Clorox "does not operate directly in Saudi Arabia." (ECF No. 3 ¶ 24.)

Further, even if Abudawood & Partners and National Cleaning were the Oakland-based Clorox's direct subsidiaries—which they are not—Clorox would still not need to produce their documents. *See Kestrel*, 362 F.3d at 404-05 (noting that a parent company need not produce documents within its foreign subsidiaries' custody); *see also In re Citric Acid*, 191 F.3d at 1107-08. The Oakland-based Clorox owns no direct interest in either entity. (Brock Decl. ¶ 5.)

Clorox expects Ms. de Leon to rely on the Southern District of Ohio's attempt to distinguish *Kestrel* in a similar case involving Procter & Gamble earlier this year. In that case, the court disregarded *Kestrel*'s guidance that Section 1782 and the Federal Rules of Civil Procedures permit discovery only from parties themselves, and that documents held by a subsidiary are only discoverable by piercing the corporate veil. *Kestrel*, 362 F.3d at 405. The Southern District of Ohio instead relied on the Eleventh Circuit's opinion, *Sergeeva v. Tripleton International Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016), which found that "control" simply meant "the legal right to obtain the documents requested upon demand." (citations and internal quotations omitted). However, that case is inapposite to the question of whether the first Section 1782 statutory requirement has been met. Rather, only the third *Intel* discretionary factor was at issue on appeal in *Sergeeva*. *Id.* at 1199, n.3.

Key to the issue here is that Ms. de Leon is seeking discovery from separate foreign entities *outside* of the Northern District of California. Regardless of where those foreign entities' documents are held, the entities are not "found" in this district, and thus the first statutory factor has not been met. Thus, *In re Certain Funds*, is the more appropriate precedent, not *Sergeeva*. In *In re Certain Funds*, the Southern District of New York rejected the argument that KPMG International was "found" in the Southern District for the purposes of Section 1782's first mandatory factor because its U.S. affiliate was in New York City—

noting they were "distinct legal entities." 2014 WL 3404955 *5 (citation and internal quotation marks omitted).

Second, even if the targets of Ms. de Leon's subpoenas were "found" in this District for the purposes of Section 1782, and even if her subpoenas could survive a Rule 45 challenge, her subpoenas would still fail under Section 1782's second mandatory factor. As is evident from the plain language of the requests, Ms. de Leon's subpoenas seek documents related to a stayed domestic proceeding currently pending before the U.S. District Court for the Central District of California. (*See*, *e.g.*, ECF No. 25, Req. Nos. 90-92.) As described in more detail in Proposed Intervenors Abudawood & Partners and National Cleaning's (together, the "Proposed Intervenors") concurrently filed Motion to Quash, Ms. de Leon's attempt to use Section 1782 to seek discovery for use in a domestic proceeding is improper and demonstrates that she has failed to meet Section 1782's threshold requirement that the discovery sought is "for use" in a foreign proceeding.

**B.     All The *Intel* Factors Weigh In Favor of Clorox's Motion to Quash.**

As Ms. de Leon has failed to satisfy two of Section 1782's mandatory statutory requirements, this Court need not reach the *Intel* discretionary factors at all. *In re Petrobras Sec. Litig.*, 393 F. Supp. 3d at 380. If the threshold factors had been met, "the district court [would have been] authorized, but not required, to permit discovery." *JSC MCC EuroChem v. Chauhan*, 2018 WL 9650037, at *1 (6th Cir. Sept. 14, 2018) (citing *Intel*, 542 U.S. at 264)). In *Intel*, the United States Supreme Court outlined a number of non-exclusive factors courts analyze when determining whether to exercise their discretion under Section 1782. These factors include: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' in which event 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of . . . the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'" *Id.* (quoting *Intel*). When determining whether to grant a discovery petition, "district courts ***must*** exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance

7

to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts . . . ." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (citations omitted) (emphasis added).

        1.    <u>As Described in the Proposed Intervenors' Concurrently Filed Motion, the First Three *Intel* Factors All Weigh Against Permitting Ms. de Leon's Subpoenas to Stand.</u>

As described in the Proposed Intervenors' concurrently filed Motion to Quash, the first three *Intel* factors all weigh against Ms. de Leon's Petition. First, based on how Ms. de Leon's actual requests explicitly seek information concerning the two joint venture entities, for all intents and purposes, Ms. de Leon is seeking discovery from the Saudi-based Abudawood & Partners and National Cleaning. Al Wafra, an interest holder in Abudawood & Partners and National Cleaning, is a party to the underlying Saudi proceedings, and subject to that court's jurisdiction. Second, neither the Saudi court nor the court-appointed valuator, Deloitte, have requested Ms. de Leon's or this Court's assistance. Further, Ms. de Leon fails to provide any evidence suggesting either the Saudi court or Deloitte would be receptive to discovery assistance in this case. Third, as the Saudi Commercial Court has ordered that Deloitte conduct its valuation independently without party interference, and because the Central District of California Action remains stayed, Ms. de Leon's attempt to use Section 1782 to seek discovery for either of these cases provides further support for Clorox's and the Proposed Intervenors' Motions to Quash.

Since the Proposed Intervenors have greater familiarity with the relevant proceedings underway in both Saudi Arabia and the U.S. District Court for the Central District of California, and because they discuss how the first three *Intel* factors weigh against Ms. de Leon's Petition with specificity, Clorox will not restate these arguments further here.

        2.    <u>Since Complying with Ms. de Leon's Subpoenas Would Be Burdensome Under Normal Circumstances and Acutely So Due to COVID-19 Restrictions, Ms. de Leon's Section 1782 Subpoenas Are Also Inappropriate Under the Fourth *Intel* Factor.</u>

The nature and extent of Ms. de Leon's 101 document requests and 46 deposition topics weigh in favor of Clorox's Motion under *Intel*'s fourth discretionary factor as well. As the Supreme Court has instructed, "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. Requests are burdensome where the Section 1782 petitioner has not shown why the discovery could not

also be obtained in the underlying foreign action. *In re Fischer Adv. Composite Components AG*, 2008 WL 5210839, at *4-5 (W.D. Wash. Dec. 11, 2008) (noting that "where discovery is equally available in both foreign and domestic jurisdictions, a district court may conclude that the Section 1782 application is duplicative.") (citation and internal quotations omitted; alterations in original).

In addition, "where plaintiffs have not shown they attempted to obtain documents from the defendant in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (analyzing under Rule 45); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (explaining that "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *see also Gushlak v. Gushlak*, 486 F. App'x. 215, 217 (2d Cir. 2012) (applying Rule 45 to a section 1782 application). Further, where the burden of discovery requests outweighs their benefits, the district court has the power to limit discovery. *In re IKB Deutsche Industriebank AG*, 2010 WL 1526070, at *5 (N.D. Ill. Apr. 8, 2010).

Clorox submits that the excessive nature of Ms. de Leon's 101 document request categories and 46 deposition topics, which Clorox understands from having reviewed the previous filings in this case seek documents that have largely already been provided in the Saudi action (*see* ECF No. 12 at ¶¶ 24–28), would be overly burdensome even under normal circumstances. Several of Ms. de Leon's requests are not even limited by date, and the relationship to the relevant entities dates back to the 1960s. (Brock Decl. ¶ 6.) An investigation of such wide-ranging historical information covering a six-decade period would necessarily require substantial searches through various off-site storage locations, which would be a remarkably time-consuming and expensive undertaking. (*See id.*)

Further, and as detailed in Clorox's objections to Ms. de Leon's subpoenas, each of her document requests and deposition topics are objectionable on multiple grounds, including that they are unduly broad and overly burdensome considering Clorox's nonparty status and that the requests seek information that should be sought from parties to ongoing litigation. (*See* Holscher Decl. Exs. E & F.)  Dozens of the requests also seek information unlimited by time, irrelevant to Ms. de Leon's stated use relating to Deloitte's valuation, and are plagued by hopelessly vague, ambiguous, and broad language and definitions.

1  (*Id.*) Each of Clorox's objections should be ruled on prior to requiring any compliance with Ms. de Leon's subpoenas.

Moreover, in light of the present restrictions placed on businesses in London, Oakland and elsewhere as a result of COVID-19, compliance with Ms. de Leon's 147 discovery requests by the deadline would be for all intents and purposes impracticable. Clorox operates around the world, and the ever-changing COVID-19 regulatory landscape is placing significant demands on Clorox's legal, financial, and business operations personnel. Due to present stay-at-home restrictions, on-site searches and examinations of physical documents at Clorox's offices or at offsite storage facilities remain presently impracticable.

In addition, Ms. de Leon also claims an entitlement to documents located outside the United States. (*See* Holscher Decl. Ex. D.) Courts have found that Section 1782 does not permit discovery of materials located abroad. *See*, *e.g.*, *In re Pursuant to 28 U.S.C. Sec. 1782*, 2014 WL 4181618, at *2. Many that have rejected a categorical bar, have nonetheless found that the foreign location of documents can and should be a factor the court considers when deciding whether to exercise its discretion to permit discovery. *See*, *e.g.*, *In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir. 2019) (noting that while it found no categorical bar to seeking foreign materials under Section 1782 it "note[d] that a court may properly, and in fact should, consider the location of documents and other evidence when deciding whether to exercise its discretion to authorize such discovery.").

Even if this Court were to determine that Section 1782 did not categorically bar foreign discovery, the process of actually locating, collecting, reviewing, and producing this material would be problematic in light of the COVID-19 restrictions in place in the relevant jurisdictions implicated by Ms. de Leon's requests. Further, even under normal circumstances, the data privacy laws of the relevant jurisdictions (like the United Kingdom), could impact Clorox's ability to produce the requested documents.

Finally, Ms. de Leon has failed to explain how permitting her to compel Clorox to respond to 101 document requests and 46 deposition topics in the middle of a global pandemic would promote Section 1782's twin aims of efficiency and encouraging foreign reciprocity, or how her requests can be considered reasonable under Rule 45. Thus, whether analyzed under the mandatory threshold factors of Section 1782, the confines of Federal Rule of Civil Procedure 45, or the *Intel* discretionary factors, Ms. de Leon's subpoenas go too far. The onus should not fall on third-party Clorox or this Court to try to "fix" the plainly

overbroad subpoenas by going through all 147 requests line-by-line. Ms. de Leon should be required to do so in the first instance.

## IV. CONCLUSION

For the foregoing reasons, Clorox respectfully requests that this Court grant its motion to quash Ms. de Leon's subpoenas.

DATED: May 4, 2020

Respectfully submitted,
KIRKLAND & ELLIS LLP

*/s/ Mark Holscher*
Mark Holscher

*Attorneys for The Clorox Company*