Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
R. Alexander Pilmer (SBN 166196)
alexander.pilmer@kirkland.com
John Christopher Korevec (SBN 310157)
john.korevec@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, 37th Floor
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile:  (213) 680-8500

*Attorneys for The Clorox Company*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of Application of **ELEANOR de LEON Under 28 U.S.C. §1782 for Discovery from The Clorox Company,**<br><br>Petitioner. | CASE NO. 4:19-mc-80296-DMR<br><br>**DECLARATION OF MARK W. DANIS IN SUPPORT OF THE CLOROX COMPANY'S MOTION TO QUASH ELEANOR DE LEON'S SUBPOENAS UNDER 28 U.S.C. § 1782 AND RULE 45**<br><br>Mag. Judge:     Hon. Donna M. Ryu<br>Hearing Date:  Not Set Yet<br>Time:          Not Set Yet<br>Courtroom:     4 |

DECLARATION OF MARK W. DANIS                                4:19-MC-80296-DMR

I, Mark W. Danis, hereby declare as follows:

1.  I am Vice President – Deputy General Counsel of The Clorox Company ("Clorox") in Oakland, California. My responsibilities include oversight of U.S. and certain international litigation. I have personal knowledge of the facts set forth herein unless otherwise stated, and, if properly called as a witness, I could and would competently testify hereto. As to other matters stated herein, I am informed and believe them to be true based upon documentation I have reviewed and in my possession. I submit this declaration in support of Clorox's Motion to Quash.

2.  In this declaration, I have not included any discussion of attorney-client privileged or work product protected information or materials. No statements made in this declaration are intended to waive any applicable privileges, including those related to the attorney-client privilege or the work product protection.

3.  Ms. de Leon's document subpoena contains 101 document categories directed at various topics, some related to Clorox's participation in the joint ventures Mohamad Ali Abudawood & Partners for Industry Company ("Abudawood & Partners"), which is located in Jeddah, Saudi Arabia, and National Cleaning Products Company ("National Cleaning"), which is based in Dammam, Saudi Arabia. As indicated in the accompanying declaration of Todd Brock, Clorox's business and finance teams for Saudi operations are primarily located in London.

4.  Based on our initial investigation, identifying and retrieving the materials responsive to Ms. de Leon's document subpoena will involve a domestic and international search of both hardcopy and electronic documents.

5.  Conducting physical and electronic searches of the files of current and former employees, will be incredibly time-consuming and burdensome given the sheer breadth of the document categories. This burden is enhanced by the fact that many of the discovery requests are not limited by date, which would require an extensive and expensive search for materials in backup storage (which may not contain any responsive materials anyway). Based on the volume of requests and timeframe requested, we anticipate any review would require engaging outside counsel and an outside contract review team to review the materials, a document vendor to collect and host the data at great cost, and then a period of privilege review likely also to be conducted by outside counsel at great cost.

6. The burden of responding to Ms. de Leon's subpoenas is further exacerbated by the COVID-19 pandemic. Clorox's U.S. and international offices are currently closed and are not expected to reopen until on or after June 1, 2020, with physical entry into offices likely being phased in thereafter and subject to applicable stay-at-home and related orders. Searching for and collecting documents kept only in paper form and information responsive to the subpoenas abroad, to the extent it exists, would likewise require extensive efforts in multiple countries, involve employees located abroad who are also subject to COVID-related restrictions, and would be subject to jurisdictional data privacy laws. Conducting such a global search would likely take several months in a best-case scenario, and be incredibly expensive.

7. Although Ms. de Leon's 101 separate document request categories and 46 unique deposition topics would be burdensome even during normal circumstances, these challenges are particularly acute now due to the impacts of the global COVID-19 pandemic on the operations of Clorox's business, financial, and legal departments. Under the current stay-at-home ordinances and laws – including requirements as to sheltering-in-place and social distancing, prohibitions on travel, and tight restrictions on the types of permissible "essential activities" that allow for work in an office environment – the document search cannot be reliably conducted.

8. Even if some document searches could be conducted electronically from employees' homes, such searches would unreasonably strain our already stretched legal and business teams. Clorox's internal legal team—the same personnel who would be required to respond to the subpoenas—has been working for months to manage a myriad of local, state, and federal laws stemming from the pandemic impacting our business and facilities around the world.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 4 day of May, 2020, in San Francisco, California.

_____
Mark W. Danis

2

**DECLARATION OF MARK W. DANIS**                                4:19-MC-80296-DMR