# EXHIBIT A



312 Walnut Street
Suite 1800
Cincinnati, OH 45202

Main       513 621 6464
Fax         513 651 3836

April 11, 2020

Via FedEx

Laura Stein, Esq..
Executive Vice President and General Counsel
The Clorox Company
1221 Broadway
Oakland, CA 94612

Re:    *Petition of Eleanor de Leon under 28 U.S.C. §1782*
       *United States District Court, Northern District of California*
       *Case No. 4:19-mc-80296-DMR*

Dear Ms. Stein:

We have been retained by Eleanor de Leon to file a petition on her behalf before the U.S. District Court in Oakland for discovery from The Clorox Company ("Clorox") under 28 U.S.C. §1782 regarding Clorox's joint venture with the business conglomerate generally referred to as the Abudawood Group of Companies in Saudi Arabia (the "Abudawood Group").   I am enclosing herewith two original subpoenas directed to Clorox that were issued by me as attorney today on behalf of the Court.   The first subpoena is for production of documents in Oakland on May 11, 2020, at the office of Aiken Welch, 1 Kaiser Plaza, Ste. 250, Oakland, California, and the second is for an organizational deposition of Clorox on May 27, 2020, also at the same location in Oakland.

By way of a brief explanation of the underlying litigation in Saudi Arabia, Ms. de Leon is an American and the sole widow of Sheikh Osama Abudawood ("Sheikh Osama").   At the time of his death in June 2017, Sheikh Osama was the Chairman and acting head of the Abudawood Group.   As you may know, since the 1940s, the Abudawood Group has been the exclusive distributor and manufacturer of Procter & Gamble brands in Saudi Arabia and other Middle Eastern countries through joint ventures based in Saudi Arabia.   After Clorox was spun-off from P&G, similar joint ventures were formed between Clorox and the Abudawood Group.   As part of this arrangement, Clorox and the Abudawood Group are joint venture partners in two key

April 11, 2020
Page 2



Saudi companies, National Cleaning Products Company Limited and Mohamed Ali Abudawood & Partners for Industry Company.

The litigation before the Saudi courts regarding the prospective inheritance of both Ms. de Leon and her daughter, AA, is pending in the Commercial Court in Jeddah. Specifically, one of the key issues in the Saudi litigation is determining the value of our clients' inherited interests in Sheikh Osama's estate, which includes determining the value of Sheikh Osama's interest in each of the Abudawood Group entities. Unfortunately, the two surviving brothers of Sheikh Osama, Sheikh Anas Abudawood and Sheikh Ayman Abudawood, who control the Abudawood Group, are hostile to my clients' interests and, to date, have been unwilling to provide to her even the most basic information regarding the Abudawood Group's joint venture entities with Clorox, including critical financial information necessary for Ms. de Leon and her daughter to perform a proper valuation of the entities.  For these reasons, Ms. de Leon had no alternative but to seek the discovery requested s directly from Clorox.  The requested information is necessary to enable the Saudi court to fairly value Ms. de Leon's and her daughter's interests in the estate of her late husband, Sheikh Osama.

On behalf of Ms. de Leon, I accordingly filed an application for discovery under Section 1782 with the U.S. District Court in Oakland on December 20, 2019.  For your information, I am enclosing copies of the petition and all submissions accompanying that filing submitted to the U.S. District Court, as well as a copy of the U.S. District Court's order, entered yesterday, allowing issuance of the enclosed original subpoenas. Also enclosed is my check for $42 in payment of the witness fee and mileage with respect to the deposition subpoena.   You may also note that, when the Petition was initially filed on December 20, 2020, the Petitioner had requested issuance of an order to show cause.  However, evidently in view of the extended period before the Court was able to consider the Petition, the Court instead issued an order allowing service of the subpoenas enclosed herewith instead of an order to show cause.

Among the submissions enclosed herewith is a proposed protective order in a form acceptable to Ms. de Leon.  I obviously recognize that some of the information requested from Clorox is likely to be commercially sensitive.  Accordingly, Ms. de Leon is willing to take all reasonable steps to protect the confidentiality of Clorox's confidential information.  Please let me know as soon as possible whether the form suggested by my client is acceptable, and, if not, I am willing to consider modifications to meet any reasonable concerns Clorox may have.

Due to the similar situation involving P&G's joint ventures with the Abudawood Group, Ms. de Leon has filed another case related to the above-mentioned Saudi proceedings in the U.S. District Court for the Southern District of Ohio (Case No. 1:19-mc-15).  In that case, the Court has ordered P&G to both produce documents and submit to a Rule 30(b)(6) deposition similar to the evidence sought from Clorox in this

April 11, 2020
Page 3



case.  For your reference, I am enclosing copies of orders issued in the Procter & Gamble case on January 27, 2020, and March 12, 2020.

Furthermore, please be advised that Ms. de Leon is willing to undertake reasonable steps to avoid imposing undue burden or expense on Clorox in complying with the Court's order.  I am, of course, mindful of the difficulties posed by the current COVID-19 health crisis, and, for that reason, I have extended the return dates for both subpoenas to as far in the future as possible, consistent with Ms. de Leon's interests in the Saudi cases.  I therefore urge you or other counsel for Clorox you may engage to contact me as soon as possible to discuss the scope and potential burden posed by these subpoenas.  My client's interests are such that I will not be able to consent to extensions of any of the return dates set forth in the subpoenas.  Also, please know that Ms. de Leon is willing to pay the reasonable costs incurred by Clorox in connection with copying and producing documents responsive to the documents subpoena.

Lastly, Abudawood Group parties have already appeared in this case and their counsel is Mark Holscher of the Kirkland & Ellis law firm in Los Angeles.  Therefore, the Abudawood Group is fully aware of the foregoing federal court's order.

Sincerely,

GRAYDON HEAD & RITCHEY LLP


John B. Pinney

JBP:tsl
c. Roula Alouch, Esq.
   Margaret Ng, Esq.
   Ewan E. Rhow, Esq.
   Oliver Rocos, Esq.

April 11, 2020
Page 4



Enclosures

1. Original Subpoena for Production of Documents
2. Original Subpoena for the Taking of a Deposition
3. Check No. 5635 for $42 payable to The Clorox Company
4. Petition for Issuance of an Order under 28 U.S.C. §1782
5. Declaration of Eleanor de Leon
6. Declaration of Dr. Adli Hammad
7. Exhibit 1 to Petition (Proposed Document Subpoena)
8. Exhibit 2 to Petition (Proposed Deposition Subpoena)
9. Exhibit 3 to Petition (Proposed Protective Order)
10. *Ex Parte* Motion for Order to Show Cause
11. Memorandum of Points & Authorities
12. Order on Ex Parte Application for Issuance of an Order under 28 U.S.C. §1782 – April 10, 2020
13. Order, Magistrate Judge Bowman, Southern District of Ohio – January 27, 2020
14. Decision and Entry Affirming the Order of the United States Magistrate Judge, Judge Black, Southern District of Ohio – March 12, 2020