"

"
"
"
"
"
"
"
"

# Gzj ⅉⅅ⅏⅌"'G

"

The Clorox Company's Objections to

Eleanor de Leon's Subpoena to

Testify at a Deposition

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| 1 | The organizational structure of ABUDAWOOD & PARTNERS, including the identity of all persons or entities that have an ownership interest in ABUDAWOOD & PARTNERS and the respective ownership percentage of each such person or entity. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon* v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quashing subpoena because the requests were "overbroad on [their] face and exceed[ ] the bounds of fair discovery" by seeking information over a long period of time and relating to entities in irrelevant jurisdictions); *AngioScore Inc. v. TriReme Med., Inc.*, 2014 WL 6706873, at *3 (N.D. Cal. Nov. 25, 2014) (finding requests that spanned five years overly broad and unduly burdensome).<br><br>Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("[W]here plaintiffs have not shown they attempted to obtain documents from the defendant in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party."); *Moon*, 232 F.R.D. at 638 (quashing subpoena where party had not shown that they attempted to obtain documents from party); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D.Cal.2007) (quashing a non-party subpoena duces tecum where the discovery sought was "obtainable from a source more direct, convenient, and less burdensome [than the non-party]."); *Fed. Trade Comm'n v. DIRECTV, Inc.*, 2015 WL 8302932, at *5 (N.D. Cal. Dec. 9, 2015) (quashing subpoenas where party had not shown that it could obtain the requested discovery without burdening a third party).<br><br>Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649-50 (9th Cir. 1980) ("[P]ermissible discovery from nonparties is narrower than that permitted from parties to the action."). Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this topic on the grounds that "organizational structure," "ownership interest," and "ownership percentage" is vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited.<br><br>Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer Inc. v. Round Rock Research*, LLC, 2013 WL 6000992, at *1 (N.D. Cal. Nov. 12, 2013) (nonparty only has obligation to produce documents from entities from which it has a legal right to demand documents); *Tessera, Inc. v. Micron Tech., Inc.*, 2006 WL 733498, at *6 (N.D. Cal. Mar. 22, 2006) (same). |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 2 | The organizational structure of NATIONAL CLEANING, including the identity all persons or entities that have an ownership interest in NATIONAL CLEANING and the respective ownership percentage of each such person or entity. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic on the grounds that "organizational structure," "ownership interest," and "ownership percentage" is vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 3 | The organizational structure of each of the ADDITIONAL | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product |

| No. | Description of Matters for Examination | Clorox's Objections |
|-----|----------------------------------------|---------------------|
| | CLOROX/ABUDAWOOD ENTITIES, including the identity all persons or entities that have an ownership interest in the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES and the respective ownership percentage of each such person or entity. | protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic on the grounds that "organizational structure," "ownership interest," and "ownership percentage" is vague and ambiguous. Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 4 | The organizational structure of AL WAFRA INTERNATIONAL COMPANY, including the identity all persons or entities that have an ownership interest in AL WAFRA INTERNATIONAL COMPANY and the respective ownership percentage of each such person or entity. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 |

| No. | Description of Matters for Examination | Clorox's Objections |
|-----|----------------------------------------|---------------------|
| | | F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic on the grounds that "organizational structure," "ownership interest," and "ownership percentage" is vague and ambiguous. Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 5 | The jurisdictions in which ABUDAWOOD & PARTNERS is registered, qualified or otherwise authorized to do business. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic on the grounds that "qualified or |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | otherwise authorized to do business in its own name" is vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition are overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 6 | The jurisdictions in which NATIONAL CLEANING is registered, qualified or otherwise authorized to do business. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to this topic on the grounds that "qualified or otherwise authorized to do business in its own name" is vague and ambiguous. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 7 | The jurisdictions in which each of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES is registered, qualified or otherwise authorized to do business. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case, as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to this topic on the grounds that "qualified or otherwise authorized to do business in its own name" is vague and ambiguous. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 8 | The jurisdictions in which AL WAFRA INTERNATIONAL COMPANY is registered, qualified or otherwise authorized to do business. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic, as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this topic, as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.  Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case, as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to this topic on the grounds that "qualified or otherwise authorized to do business in its own name" is vague and ambiguous. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 9 | The identification and description of the ownership structure of any subsidiaries and joint ventures of ABUDAWOOD & PARTNERS, and also all other investments of any kind of ABUDAWOOD & PARTNERS in other entities. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic, as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic, as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case, as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic |

| No. | Description of Matters for Examination | Clorox's Objections |
|-----|----------------------------------------|---------------------|
| | | seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects that the term "investments . . . in other entities" is vague and ambiguous and therefore overly broad and unduly burdensome. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 10 | The identification and description of the ownership structure of any subsidiaries and joint ventures of NATIONAL CLEANING, and also all other investments of any kind of NATIONAL CLEANING in other entities. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic, as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic, as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case, as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects that the term "investments in other entities" is vague and ambiguous and therefore overly broad and unduly burdensome. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 11 | The identification and description of the ownership structure of any subsidiaries and joint ventures of each of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, and also all other investments of any kind of each of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES in any other entities. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic, as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic, as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case, as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects that the term "investments in other entities" is vague and ambiguous and therefore overly broad and unduly burdensome. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 12 | The identification and description of the ownership structure of any subsidiaries and joint ventures of AL WAFRA INTERNATIONAL COMPANY, and also all other investments of any kind of AL | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic, as it is overly broad, unduly burdensome, |

| No. | Description of Matters for Examination | Clorox's Objections |
|-----|----------------------------------------|---------------------|
| | WAFRA INTERNATIONAL COMPANY in other entities. | and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic, as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case, as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects that the term "investments in other entities" is vague and ambiguous and therefore overly broad and unduly burdensome. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 13 | For the period January 1, 2012 to present, the financial performance of ABUDAWOOD & PARTNERS, including without limitation annual financial statements, gross and net revenues, indebtedness, budgets, financial projections and/or forecasts. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic, as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding all aspects of Abudawood & Partner's financial performance for over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649 (discovery restrictions may be even broader where target is nonparty); United States v. *C.B.S.*, Inc., 666 F.2d 364, 371–72 (9th Cir.1982) ("Nonparty witnesses . . . should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party. . . . [A] witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party."); In re *NCAA* Student-Athlete Name & Likeness Licensing Litig., 2012 WL 4846522, at *1- |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | 2 (N.D. Cal. Aug. 7, 2012); *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813–14 (9th Cir. 2003) (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic, as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years.  *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic, as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this topic on the grounds that "financial performance" is vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited.<br><br>Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this topic because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.<br><br>Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 14 | For the period January 1, 2012 to present, all business plans for ABUDAWOOD & PARTNERS (including without limitation one-year and multi-year plans). | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding all aspects of Abudawood & Partner's business plans for over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic, as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years.  *See Moon*, 232 F.R.D. at 637; *AngioScore*, |

| No. | Description of Matters for Examination | Clorox's Objections |
|-----|----------------------------------------|---------------------|
| | | 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic, as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case, as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic on the grounds that "business plans" is vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| | | Clorox objects to this topic to the extent it seeks information revealing trade secrets or commercial information that is protected from disclosure.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 15 | For the period January 1, 2012 to present, the financial performance of NATIONAL CLEANING, including without limitation annual financial statements, gross and net revenues, indebtedness, budgets, financial projections and/or forecasts. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding all aspects of National Cleaning's financial performance for over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *NCAA*, 2012 WL 4846522, at *1-2 (imposing mandatory sanctions on party where they "did not make reasonable efforts to limit the scope of their voluminous requests to the nonparties."); Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years.  *See Moon*, 232 F.R.D. at 637; *AngioScore*, |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects that "financial performance" is vague and ambiguous. Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 16 | For the period January 1, 2012 to present, all business plans for NATIONAL CLEANING (including without limitation one-year and multi-year plans). | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding all aspects of National Cleaning's "business plans" for over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *NCAA*, 2012 WL 4846522, at *1-2 (imposing mandatory sanctions on party where they "did not make reasonable efforts to limit the scope of their voluminous requests to the nonparties."); Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years.  *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic on the grounds that "business plans" are vague and ambiguous. Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| | | Clorox objects to this topic to the extent it seeks information revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 17 | For the period January 1, 2012 to present, the financial performance of each of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, including without limitation annual financial statements, gross and net revenues, indebtedness, budgets, financial projections and/or forecasts. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding all aspects of unidentified entities' financial performance for over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years.  *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects that "financial performance" is vague and ambiguous. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 18 | For the period January 1, 2012 to present, all business plans for each of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES (including without limitation one-year and multi-year plans). | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding all aspects of unidentified entities' "business plans" for over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years.  *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects that "business plans" is vague and ambiguous. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| | | Clorox objects to this topic to the extent it seeks information revealing trade secrets or commercial information that is protected from disclosure.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 19 | For the period January 1, 2012 to present, the financial performance of AL WAFRA INTERNATIONAL COMPANY, including without limitation annual financial statements, gross and net revenues, indebtedness, budgets, financial projections and/or forecasts. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding all aspects of Al Wafra's financial performance for over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years.  *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information. |
| | | Clorox objects that "financial performance" is vague and ambiguous. Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
|  |  | example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
|  |  | Clorox objects to this topic because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court. |
|  |  | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 20 | For the period January 1, 2012 to present, all business plans for AL WAFRA INTERNATIONAL COMPANY (including without limitation one-year and multi-year plans). | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
|  |  | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding all aspects of Al Wafra's "business plans" for over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
|  |  | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
|  |  | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information. |
|  |  | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
|  |  | Clorox objects to this topic on the grounds that "business plans" is vague and ambiguous. Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. |
|  |  | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this topic to the extent it seeks information revealing trade secrets or commercial information that is protected from disclosure.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 21 | For the period January 1,2012 to present, any loans or other advances of funds by CLOROX to ABUDAWOOD & PARTNERS or to any RELATED PERSONS of ABUDAWOOD & PARTNERS. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding any loan or other arrangement between Clorox and Abudawood & Partners over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *NCAA*, 2012 WL 4846522, at *1-2 (imposing mandatory sanctions on party where they "did not make reasonable efforts to limit the scope of their voluminous requests to the nonparties."); Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years.  *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood & Partners.  *See Moon*, 232 F.R.D. at 638 (quashing subpoena where requests encompassed documents covering business relationships other than the relationship at issue in the case); *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 3581171, at *1 (N.D. Cal. Aug. 18, 2017), 2017 WL 3581171, at *1.<br><br>Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this topic on the grounds that "advances of funds" is vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited.<br><br>Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK,* 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6.<br><br>Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 22 | For the period January 1, 2012 to present, any loans or other advances of funds by CLOROX to NATIONAL CLEANING or to any RELATED PERSONS of NATIONAL CLEANING. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding any loan or other arrangement between Clorox and National Cleaning over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *NCAA*, 2012 WL 4846522, at *1-2 (imposing mandatory sanctions on party where they "did not make reasonable efforts to limit the scope of their voluminous requests to the nonparties."); Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years.  *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with National Cleaning.  *See Moon*, 232 F.R.D. at 638; *Waymo,* 2017 WL 3581171, at *1.<br><br>Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this topic because it seeks information not relevant |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
|  |  | to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
|  |  | Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. |
|  |  | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
|  |  | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 23 | For the period January 1, 2012 to present, any loans or other advances of funds by CLOROX to any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES or any RELATED PERSONS of any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
|  |  | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding any loan or other arrangement between Clorox and unidentified entities over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *NCAA*, 2012 WL 4846522, at *1-2 (imposing mandatory sanctions on party where they "did not make reasonable efforts to limit the scope of their voluminous requests to the nonparties."); Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
|  |  | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
|  |  | Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with the Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1. |
|  |  | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | 8302932, at *5.<br><br>Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited.<br><br>Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 24 | For the period January 1, 2012 to present, any loans or other advances of funds by CLOROX to AL WAFRA INTERNATIONAL COMPANY or to any RELATED PERSONS of AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it requests testimony regarding any loan or other arrangement between Clorox and Al Wafra over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *NCAA*, 2012 WL 4846522, at *1-2 (imposing mandatory sanctions on party where they "did not make reasonable efforts to limit the scope of their voluminous requests to the nonparties."); Mattel, 353 F.3d at 813–14; *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by seeking broad information for a period of over eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Al Wafra International Company. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1. |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 25 | Any actual or proposed sale, transfer or other disposition of Sheikh Osama's interest in ABUDAWOOD & PARTNERS. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi |

| No. | Description of Matters for Examination | Clorox's Objections |
|-----|----------------------------------------|---------------------|
| | | court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic on the grounds that "other disposition" is vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 26 | Any actual or proposed sale, transfer or other disposition of Sheikh Osama's interest in NATIONAL CLEANING. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302933, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | subpoena is invalid. |
| 27 | Any actual or proposed sale, transfer or other disposition of Sheikh Osama's interest in any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 28 | Any actual or proposed sale, transfer or other disposition of Sheikh Osama's interest in AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. |
| | | Clorox objects to this topic to the extent that it seeks information that is not in Clorox's possession, custody, or control, including, for example, information in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 29 | Any discussions and/or written communications between CLOROX, on the one hand, and Sheikh Osama, on the other hand, regarding the sale, transfer or other disposition of Sheikh Osama's estate, including his interests in ABUDAWOOD & PARTNERS, NATIONAL CLEANING, any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, or AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information. |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this topic on the grounds that "other disposition" is vague and ambiguous. Clorox objects to the definitions of "Abudawood & Partners," "National Cleaning," "Al Wafra," and "Additional Clorox/Abudawood Entities" to the extent that these definitions are vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited.<br><br>Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 30 | Any discussions and/or written communications between CLOROX, on the one hand, and Sheikh Osama, on the other hand, regarding Eleanor's and/or her minor daughter's prospective inherited interest in Sheikh Osama's estate, including their prospective inherited interests in ABUDAWOOD & PARTNERS, NATIONAL CLEANING, any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, or AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information.<br><br>Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this topic on the grounds that "other disposition" is |

| No. | Description of Matters for Examination | Clorox's Objections |
|-----|----------------------------------------|---------------------|
|  |  | vague and ambiguous. Clorox objects to the definitions of "Abudawood & Partners," "National Cleaning," "Al Wafra," and "Additional Clorox/Abudawood Entities" to the extent that these definitions are vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited.<br><br>Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 31 | Any discussions and/or written communications between CLOROX, on the one hand, and Sheikh Anas and/or Sheikh Ayman, on the other hand, regarding the sale, transfer or other disposition of assets in Sheikh Osama's estate, including his interests in ABUDAWOOD & PARTNERS, NATIONAL CLEANING, any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, or AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information.<br><br>Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this topic on the grounds that "other disposition" is vague and ambiguous. Clorox objects to the definitions of "Abudawood & Partners," "National Cleaning," "Al Wafra," and "Additional Clorox/Abudawood Entities" to the extent that these definitions are vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited.<br><br>Clorox objects to this topic because Ms. de Leon has not met the |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 32 | Any discussions and/or written communications between CLOROX, on the one hand, and Sheikh Anas and/or Sheikh Ayman, on the other hand, regarding Eleanor's and/or her minor daughter's prospective inherited interest in Sheikh Osama's estate, including their prospective inherited interests in ABUDAWOOD & PARTNERS, NATIONAL CLEANING, any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, or AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information.<br><br>Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this topic on the grounds that "prospective inherited interests" is vague and ambiguous. Clorox objects to the definitions of "Abudawood & Partners," "National Cleaning," "Al Wafra," and "Additional Clorox/Abudawood Entities" to the extent that these definitions are vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited.<br><br>Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 33 | Any discussions and/or written communications between CLOROX, on the one hand, and Jeffrey Trinklein and/or any other attorney with the law firm of Gibson, Dunn & Crutcher LLP, on the | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | other hand, regarding the sale, transfer or other disposition of Sheikh Osama's estate, including his interests in ABUDAWOOD & PARTNERS, NATIONAL CLEANING, any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, or AL WAFRA INTERNATIONAL COMPANY. | and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information.<br><br>Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this topic on the grounds that "other disposition" is vague and ambiguous. Clorox objects to the definitions of "Abudawood & Partners," "National Cleaning," "Al Wafra," and "Additional Clorox/Abudawood Entities" to the extent that these definitions are vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited.<br><br>Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 34 | Any discussions and/or written communications between CLOROX, on the one hand, and Jeffrey Trinklein and/or any other attorney with the law firm of Gibson, Dunn & Crutcher LLP, on the other hand, regarding Eleanor's and/or her minor daughter's prospective inherited interest in Sheikh Osama's estate, including their prospective inherited interests in ABUDAWOOD & PARTNERS, NATIONAL CLEANING, any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, or | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | AL WAFRA INTERNATIONAL COMPANY. | limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic on the grounds that "prospective inherited interests" is vague and ambiguous. Clorox objects to the definitions of "Abudawood & Partners," "National Cleaning," "Al Wafra," and "Additional Clorox/Abudawood Entities" to the extent that these definitions are vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 35 | Any agreement or arrangement, whether oral or written, between CLOROX and any member of the ABUDAWOOD GROUP and/or any member of the ABUDAWOOD FAMILY relating to CLOROX's business, operations, joint ventures or other commercial activities in the Middle East region including, without limitation, the Kingdom of Saudi Arabia, Egypt, Qatar, United Arab Emirates, Bahrain, Iraq, Yemen and Pakistan. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any" agreement relating to any of the Abudawood Group's business activities. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14 |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because, by the |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any relevant information. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| | | Clorox objects to this topic to the extent it seeks information revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 36 | Any agreement or arrangement, whether oral or written, between CLOROX and ABUDAWOOD GROUP and/or any member of the ABUDAWOOD FAMILY relating to ABUDAWOOD GROUP'S business, operations, joint ventures or other commercial activities in the Middle East region including, without limitation, the Kingdom of Saudi Arabia, Egypt, Qatar, United Arab Emirates, Bahrain, Iraq, Yemen and Pakistan. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any" agreement relating to any of the Abudawood Group's business activities. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14 |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any relevant information. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic because Ms. de Leon has not met the |

| No. | Description of Matters for Examination | Clorox's Objections |
|-----|----------------------------------------|---------------------|
| | | mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| | | Clorox objects to this topic to the extent it seeks information revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 37 | Any discussions and/or written communications between CLOROX, on the one hand, and any member of the ABUDAWOOD FAMILY or RELATED PERSONS, on the other hand, regarding whether A BUDA WOOD & PARTNERS can, by law or otherwise, admit any additional shareholders who are not citizens of the Kingdom of Saudi Arabia, and the consequences of its doing so. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14 |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with anyone in any way related or connected to the Abudawood Family. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 38 | Any discussions and/or written communications between CLOROX, on the one hand, and any member of the ABUDAWOOD FAMILY or RELATED | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | PERSONS, on the other hand, regarding whether NATIONAL CLEANING can, by law or otherwise, admit any additional shareholders who are not citizens of the Kingdom of Saudi Arabia, and the consequences of its doing so. | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14 |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with anyone in any way related or connected to the Abudawood Family.  *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 39 | Amy discussions and/or written communications between CLOROX, on the one hand, and any member of the ABUDAWOOD FAMILY or RELATED PERSONS, on the other hand, regarding whether any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES can, by law or otherwise, admit any additional shareholders who are not citizens of the Kingdom of Saudi Arabia, | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | and the consequences of such entity or entities doing so. | Mattel, 353 F.3d at 813–14 |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with anyone in any way related or connected to the Abudawood Family.  *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 40 | Any discussions and/or written communications between CLOROX, on the one hand, and any member of the ABUDAWOOD FAMILY or RELATED PERSONS, on the other hand, regarding whether AL WAFRA INTERNATIONAL COMPANY can. by law or otherwise, admit any additional shareholders who are not citizens of the Kingdom of Saudi Arabia, and the consequences of its doing so. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14 |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time |

| No. | Description of Matters for Examination | Clorox's Objections |
|-----|-----------------------------------------|----------------------|
|  |  | limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
|  |  | Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with anyone in any way related or connected to the Abudawood Family. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1. |
|  |  | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would be in possession of any responsive information. |
|  |  | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
|  |  | Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. |
|  |  | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 41 | Any discussions and/or written communications between CLOROX, on the one hand, and any member of the Abudawood FAMILY or RELATED PERSONS, on the other hand, regarding ABUDAWOOD & PARTNERS with respect to the requirements of, potential or actual violation of, or compliance with, any LAWS of the Kingdom of Saudi Arabia and any jurisdictions therein, whether or not any such LAWS were specifically or formally cited in any such COMMUNICATIONS, including, without limitation, the Foreign Investment Law issued by Royal Decree No. (M/J) dated 5/1/1421H (Corresponding to 10/4/2000 AD) and the AntiConcealment Law issued | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
|  |  | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14 |
|  |  | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
|  |  | Clorox objects to this topic as overly broad and unduly burdensome |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | by Royal Decree No. M/22 dated 4/51425H (Corresponding to 6/22/2004 AD), and any successor thereto. | as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with anyone in any way related or connected to the Abudawood Family. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to this topic on the grounds that "prospective inherited interests" is vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 42 | Any discussions and/or written communications between CLOROX, on the one hand, and any member of the ABUDAWOOD FAMILY or RELATED PERSONS, on the other hand, regarding NATIONAL CLEANING with respect to the requirements of, potential or actual violation of, or compliance with, any LAWS of the Kingdom of Saudi Arabia and any jurisdictions therein, whether or not any such LAWS were specifically or formally cited in any such COMMUNICATIONS, including, without limitation, the Foreign Investment Law issued by Royal Decree No. (M/1) dated 5/1/1421H (Corresponding to 10/4/2000 AD) and the AntiConcealment Law issued by Royal Decree No. M/22 dated 4/51425H (Corresponding to 6/22/2004 AD), and any successor thereto. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14 |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with anyone in any way related or connected to the |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | Abudawood Family. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited.<br><br>Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 43 | Any discussions and/or written communications between CLOROX, on the one hand, and any member of the ABUDAWOOD FAMILY or RELATED PERSONS, on the other hand, regarding any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES with respect to the requirements of, potential or actual violation of, or compliance with, any LAWS of the Kingdom of Saudi Arabia and any jurisdictions therein, whether or not any such LAWS were specifically or formally cited in any such COMMUNICATIONS, including, without limitation, the Foreign Investment Law issued by Royal Decree No. (M/I) dated 5/1 /1421H (Corresponding to 10/4/2000 AD) and the Anti-Concealment Law issued by Royal Decree No. M/22 dated 4/51425H (Corresponding to 6/22/2004 AD), and any successor thereto. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14<br><br>Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with anyone in any way related or connected to the Abudawood Family.  *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 44 | Any discussions and/or written communications between CLOROX, on the one hand, and any member of the ABUDAWOOD FAMILY or RELATED PERSONS, on the other hand, regarding AL WAFRA INTERNATIONAL COMPANY, with respect to the requirements of, potential or actual violation of, or compliance with, any LAWS of the Kingdom of Saudi Arabia and any jurisdictions therein, whether or not any such LAWS were specifically or formally cited in any such COMMUNICATIONS, including, without limitation, the Foreign Investment Law issued by Royal Decree No. (M/1) dated 5/1/1421H (Corresponding to 10/4/2000 AD) and the Anti-Concealment Law issued by Royal Decree No. M/22 dated 4/51425H (Corresponding to 6/22/2004 AD), and any successor thereto. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what testimony it seeks and places an inappropriate burden on a nonparty to testify to "any discussions and/or written communications." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72 ; *NCAA*, 2012 WL 4846522, at *1-2; Mattel, 353 F.3d at 813–14 |
| | | Clorox objects to this topic as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information.  *See Moon*, 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3. |
| | | Clorox objects to this topic as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with anyone in any way related or connected to the Abudawood Family.  *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1. |
| | | Clorox objects to this topic as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia.  *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638;  *Nidec Corp.*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this topic because "Al Wafra" is a party to the pending litigation in Saudi Arabia and would |

| No. | Description of Matters for Examination | Clorox's Objections |
|---|---|---|
| | | be in possession of any responsive information. |
| | | Clorox objects to this topic because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus.*, 649 F.2d at 649-50. Further, this topic seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 45 | The process by which CLOROX searched for and identified each of the documents described and/or produced pursuant to the separate document subpoena served herewith. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 46 | The authenticity of each of the documents produced pursuant to the separate document subpoena service herewith. | Clorox objects to this topic to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this topic because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |