"

"

"

"

"

"

"

"

"

# EXHIBIT  F

"

The Clorox Company's Objections to

Eleanor de Leon's Subpoena to

Produce Documents

| No. | Documents Requested | Clorox's Objections |
|-----|--------------------|---------------------|
| 1 | The corporate or entity formation documents for ABUDAWOOD & PARTNERS (including, without limitation, articles of organization/association or equivalent corporation or entity formation documents, bylaws and other constitutional documents), including any and all amendments or modifications thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quashing subpoena because the requests were "overbroad on [their] face and exceed[ed] the bounds of fair discovery" by seeking information over a long period of time and relating to entities in irrelevant jurisdictions); *AngioScore, Inc. v. TriReme Med., Inc.*, 2014 WL 6706873, at *3 (N.D. Cal. Nov. 25, 2014) (finding requests that spanned five years overly broad and unduly burdensome).<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("[W]here plaintiffs have not shown they attempted to obtain documents from the defendant in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party."); *Moon*, 232 F.R.D. at 638 (quashing subpoena where party had not shown that they attempted to obtain documents from party); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D.Cal.2007) (quashing a non-party subpoena duces tecum where the discovery sought was "obtainable from a source more direct, convenient, and less burdensome [than the non-party]."); *Fed. Trade Comm'n v. DIRECTV, Inc.*, 2015 WL 8302932, at *5 (N.D. Cal. Dec. 9, 2015) (quashing subpoenas where party had not shown that it could obtain the requested discovery without burdening a third party).<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649-50 (9th Cir. 1980) ("[P]ermissible discovery from nonparties is narrower than that permitted from parties to the action.").<br><br>Clorox objects to this request on the grounds that "corporate or entity formation documents" is vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer Inc. v. Round Rock Research, LLC*, 2013 WL 6000992, at *1 (N.D. Cal. Nov. 12, 2013) (nonparty only has obligation to produce documents from entities from which it has a legal right to demand documents); *Tessera, Inc. v. Micron Tech., Inc.*, 2006 WL 733498, at *6 (N.D. Cal. Mar. 22, 2006).<br><br>Further, Clorox objects to this request because it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 2 | Documents sufficient to identify all persons or entities that currently have or, since January 1, 2012, have had an ownership interest in ABUDAWOOD & PARTNERS and the respective ownership percentage of each such person or entity having an ownership interest from time to time whenever such interest changed from January 1, 2012, to date. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this request on the grounds that "ownership interest," "ownership percentage," and "from time to time" are vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 3 | Documents sufficient to identify all jurisdictions in which ABUDAWOOD & PARTNERS is qualified or otherwise authorized to do business in its own name. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
|  |  | does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this request on the grounds that "qualified or otherwise authorized to do business in its own name" is vague and ambiguous. Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited.  Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |

3

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| 4 | Without limitation as to date, all agreements and arrangements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group, relating or referring to ABUDAWOOD & PARTNERS, including but not limited to, any and all memorandums of understanding, letters of intent, side agreements, acknowledgements and consents and any other evidences of agreements, understandings, acknowledgments or consents, and any and all amendments or modifications thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all agreements and arrangements between Clorox and Abudawood group" "relating or referring to" Abudawood & Partners. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649 (discovery restrictions may be even broader where target is nonparty); *United States v. C.B.S., Inc.,* 666 F.2d 364, 371–72 (9th Cir.1982) ("Nonparty witnesses . . . should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party. . . . [A] witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party."); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.,* 2012 WL 4846522, at *1-2 (N.D. Cal. Aug. 7, 2012) (imposing mandatory sanctions on party where they "did not make reasonable efforts to limit the scope of their voluminous document requests to the nonparties."); *Mattel, Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 813–14 (9th Cir. 2003) (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation).<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon,* 232 F.R.D. at 638 (quashing subpoena where requests encompassed documents covering business relationships other than the relationship at issue in the case); *Waymo LLC v. Uber Techs., Inc.,* 2017 WL 3581171, at *1 (N.D. Cal. Aug. 18, 2017).<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the phrase "all agreements and arrangements" as vague and ambiguous, and therefore unduly broad and overly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 5 | Without limitation as to date, all nominee, designee and agency appointments, arrangements and agreements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group, relating or referring to ABUDAWOOD & PARTNERS, or the ownership, business, commercial activities or operations thereof, and any and all amendments or modifications thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all nominee, designee and agency appointments, arrangements and agreements" "relating or referring to" Abudawood & Partners. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the phrases "arrangements and agreement" and "ownership, business, commercial activities or operations" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 6 | The corporate or entity formation documents for NATIONAL CLEANING (including, without limitation, articles of organization/association or equivalent corporation or entity formation documents, bylaws and other constitutional documents), including any and all amendments or modifications thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 7 | Documents sufficient to identify all persons or entities that currently have or, since January 1, 2012, have had an ownership interest in NATIONAL CLEANING and the respective ownership percentage of each such person or entity having an ownership interest from time to time whenever such interest changed from January 1, 2012, to date. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. |

6

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| | | Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to this request on the grounds that "ownership interest," "ownership percentage," and "from time to time" are vague and ambiguous. |
| | | Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 8 | Documents sufficient to identify all jurisdictions in which NATIONAL CLEANING is qualified or otherwise authorized to do business in its own name. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to this request on the grounds that "qualified or otherwise authorized to do business in its own name" is vague and ambiguous. |
| | | Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 9 | Without limitation as to date, all agreements and | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | arrangements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group, relating or referring to NATIONAL CLEANING, including, without limitation, any and all memorandums of understanding, letters of intent, side agreements, acknowledgements and consents and any other evidences of agreements, understandings, acknowledgments or consents, and any and all amendments or modifications thereto. | privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all agreements and arrangements between Clorox and Abudawood group" "relating or referring to" National Cleaning. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrase "all agreements and arrangements" as vague and ambiguous, and therefore unduly broad and overly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 10 | Without limitation as to date, all nominee, designee and agency appointments, arrangements and agreements between CLOROX and ABUDAWOOD GROUP, or any member or | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all nominee, designee and agency appointments, arrangements and agreements" "relating or referring to" National Cleaning. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | RELATED PERSONS of said group, relating or referring to NATIONAL CLEANING, or the ownership, business, commercial activities or operations thereof, and any and all amendments or modifications thereto. | F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrases "arrangements and agreement" and "ownership, business, commercial activities or operations" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 11 | The corporate or entity formation documents for any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES (including, without limitation, articles of organization/association or equivalent corporation or entity formation documents, bylaws and other constitutional documents), including any and all amendments or modifications thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 12 | Documents sufficient to identify all persons or entities that currently have or, since January 1, 2012, have had an ownership interest in any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES and the respective ownership percentage of each such person or entity having an ownership interest from time to time whenever such interest changed from January 1, 2012, to date. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to this request on the grounds that "ownership interest," "ownership percentage," and "from time to time" are vague and ambiguous.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 13 | Documents sufficient to identify all jurisdictions in which the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES are qualified or otherwise authorized to do business in their own name or names. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to this request on the grounds that "qualified or otherwise authorized to do business in its own name" is vague and ambiguous.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 14 | Without limitation as to dates, all agreements and arrangements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group, relating or referring to the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, including, | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all agreements and arrangements between Clorox and Abudawood group" "relating or referring to" National Cleaning. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | without limitation, any and all memorandums of understanding, letters of intent, side agreements, acknowledgements and consents and any other evidences of agreements, understandings, acknowledgments or consents, and any and all amendments or modifications thereto. | reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to the phrase "all agreements and arrangements" as vague and ambiguous, and therefore unduly broad and overly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 15 | Without limitation as to date, all nominee, designee and agency appointments, arrangements and agreements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group, relating or referring to the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, or the ownership, business, commercial activities or operations thereof, and | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all nominee, designee and agency appointments, arrangements and agreements" "relating or referring to" Additional Clorox/Abudawood entities. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | any and all amendments or modifications thereto. | information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to the phrases "arrangements and agreement" and "ownership, business, commercial activities or operations" as vague and ambiguous and therefore overly broad and unduly burdensome. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 16 | The corporate or entity formation documents for AL WAFRA INTERNATIONAL COMPANY (including, without limitation, articles of organization/association or equivalent corporation or entity formation documents, bylaws and other constitutional documents), including any and all amendments or modifications thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| | | Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 17 | Documents sufficient to identify all persons or entities that currently have, or since January 1, 2012, have had an ownership interest in AL WAFRA INTERNATIONAL COMPANY and the respective ownership percentage of each such person or entity having an ownership interest from time to time whenever such interest changed from January 1, 2012, to date. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to this request on the grounds that "ownership interest," "ownership percentage," and "from time to time" are vague and ambiguous.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 18 | Documents sufficient to identify all jurisdictions in which AL WAFRA | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | INTERNATIONAL COMPANY is registered, qualified or otherwise authorized to do business. | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.

Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.

Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.

Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to this request on the grounds that "qualified or otherwise authorized to do business in its own name" is vague and ambiguous.

Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.

Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 19 | Without limitation as to dates, all agreements and arrangements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group, relating or referring to AL WAFRA INTERNATIONAL COMPANY, including but not limited to, any and all memorandums of understanding, letters of intent, side agreements, acknowledgements and consents and any other evidences of agreements, understandings, acknowledgments or consents, and any and all amendments or modifications thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.

Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all agreements and arrangements between Clorox and Abudawood group" "relating or referring to" National Cleaning. *See Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.

Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.

Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.

Clorox objects to this request as it is unduly broad and unduly burdensome because |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrase "all agreements and arrangements" as vague and ambiguous, and therefore unduly broad and overly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 20 | Without limitation as to date, all nominee, designee and agency appointments, arrangements and agreements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group, relating or referring to AL WAFRA INTERNATIONAL COMPANY, or the ownership, business, commercial activities or operations thereof, and any and all amendments or modifications thereto . | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all nominee, designee and agency appointments, arrangements and agreements" "relating or referring to" Al Wafra International Company. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrases "arrangements and agreement" and "ownership, business, commercial activities or operations" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 21 | Without limitation as to date, all agreements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group, relating or referring to any business, commercial activities and operations of CLOROX, including but not limited to, any and all memorandums of understanding, letters of intent, side agreements, acknowledgements and consents and any other evidences of agreements, understandings, acknowledgments or consents, and any and all amendments or modifications thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it effectively requests documents solely relating to the "business, commercial activities and operations of Clorox." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to "agreements" and "business, commercial activities and operations" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing "business, commercial activities and operations of CLOROX" that qualify as a trade secret or commercial infromation and are protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 22 | Without limitation as to date, all nominee, designee or agency appointments, arrangements and agreements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group, relating or referring to any business, commercial activities and operations of CLOROX, and any and all amendments or modifications thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it effectively requests documents solely relating to the "business, commercial activities and operations of Clorox." *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |

18

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to "arrangements and agreements" and "business, commercial activities and operations" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing "business, commercial activities and operations of CLOROX" that qualify as a trade secret or commercial information and are protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 23 | For the period January 1, 2012 to present, all lists of officers and/or directors of ABUDAWOOD & PARTNERS. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as overly broad and unduly burdensome to the extent it requests for Clorox to create a "list" of all officers and directors, as Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist." *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996).<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 24 | For the period January 1, 2012 to present, all | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| | lists of officers and/or directors of NATIONAL CLEANING. | privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as overly broad and unduly burdensome to the extent it requests for Clorox to create a "list" of all officers and directors, as Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist." *Insituform*, 168 F.R.D. at 633.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 25 | For the period January 1, 2012 to present, all lists of officers and/or directors of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as overly broad and unduly burdensome to the extent it requests for Clorox to create a "list" of all officers and directors, as Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist." *Insituform*, 168 F.R.D. at 633.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at |

| No. | Documents Requested | Clorox's Objections |
|-----|--------------------|--------------------|
| | | 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 26 | For the period January 1, 2012 to present, all lists of officers and/or directors of AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as overly broad and unduly burdensome to the extent it requests for Clorox to create a "list" of all officers and directors, as Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist." *Insituform*, 168 F.R.D. at 633.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. |

| No. | Documents Requested | Clorox's Objections |
|-----|--------------------|--------------------|
| | | Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 27 | For the period January 1, 2012 to present, all minutes of meetings of the board of directors and/or shareholders or members for ABUDAWOOD & PARTNERS, and any actions by written consent of the board of directors and/or shareholders or members. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent that the documents that it requests contain information that qualifies as a trade secret or commercial information and is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 28 | For the period January 1, 2012 to present, all minutes of meetings of the board of directors and/or shareholders or members for NATIONAL CLEANING, and any actions by written | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See* |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | consent of the board of directors and/or shareholders or members. | *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent that the documents that it requests contain information that qualifies as a trade secret or commercial information and is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 29 | For the period January 1, 2012 to present, all minutes of meetings of the board of directors and/or shareholders or members for the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES, and any actions by written consent of the board of directors and/or shareholders or members. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| | | extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent that the documents that it requests contain information that qualifies as a trade secret or commercial information and is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 30 | For the period January 1, 2012 to present, all minutes of meetings of the board of directors and/or shareholders or members for AL WAFRA INTERNATIONAL COMPANY, and any actions by written consent of the board of directors and/or shareholders or members. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent that the documents that it requests contain information that qualifies as a trade secret or commercial information and is |

| No. | Documents Requested | Clorox's Objections |
|-----|--------------------|--------------------|
| | | protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 31 | All lists or charts created from January 1, 2012, showing subsidiaries, joint ventures and/or investments in other entities of ABUDAWOOD & PARTNERS. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as overly broad and unduly burdensome to the extent it requests for Clorox to create a "list" or "chart" of subsidiaries, joint ventures and/or investments, as Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist." *Insituform*, 168 F.R.D. at 633.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects that the term "investments in other entities" is vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 32 | AU lists or charts created from January 1, 2012, showing subsidiaries, joint ventures, and/or investments in other entities of NATIONAL CLEANING. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as overly broad and unduly burdensome to the extent it requests for Clorox to create a "list" or "chart" of subsidiaries, joint ventures and/or investments, as Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist." *Insituform*, 168 F.R.D. at 633.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See* |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects that the term "investments in other entities" is vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 33 | All lists or charts created from January 1, 2012, showing the subsidiaries, joint ventures and/or investments in other entities of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as overly broad and unduly burdensome to the extent it requests for Clorox to create a "list" or "chart" of subsidiaries, joint ventures and/or investments, as Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist." *Insituform*, 168 F.R.D. at 633.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| | | by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects that the term "investments in other entities" is vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 34 | All lists or charts created from January 1, 2012, showing the subsidiaries, joint ventures, and/or investments in other entities of AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as overly broad and unduly burdensome to the extent it requests for Clorox to create a "list" or "chart" of subsidiaries, joint ventures and/or investments, as Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist." *Insituform*, 168 F.R.D. at 633.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects that the term "investments in other entities" is vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 35 | For the period January 1, 2012 to present, all financial statements (audited or unaudited) for ABUDAWOOD & PARTNERS. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all financial statements" regardless of whether final or audited over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6.<br><br>Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing "business, commercial activities and operations of CLOROX" that qualify as a trade secret or commercial information and are protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 36 | For the period January 1, 2012 to present, all financial statements (audited or unaudited) for NATIONAL CLEANING. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all financial statements" regardless of whether final or audited over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing "business, commercial activities and operations of CLOROX" that qualify as a trade secret or commercial information and are protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 37 | For the period January 1, 2012 to present, all financial statements (audited or unaudited) for the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all financial statements" regardless of whether final or audited over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Cleaning Products Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing "business, commercial activities and operations of CLOROX" that qualify as a trade secret or commercial information and are protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 38 | For the period January 1. 2012 to present, all financial statements (audited or unaudited) for AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all financial statements" regardless of whether final or audited over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6.<br><br>Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 39 | For the period January 1, 2012 to present, all financial projections, budgets and/or forecasts for ABUDAWOOD & PARTNERS. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all financial projections, budgets and/or forecasts" over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the phrase "forecasts" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer,* 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6.<br><br>Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 40 | For the period January 1, 2012 to present, all financial projections, budgets and/or forecasts for NATIONAL CLEANING. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all financial projections, budgets and/or forecasts" over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrase "forecasts" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6.<br><br>Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 41 | For the period January 1, 2012 to present, all financial projections, budgets and/or forecasts for the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all financial projections, budgets and/or forecasts" over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Cleaning Products Company Limited. Clorox objects to the phrase "forecasts" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 42 | For the period January 1, 2012 to present, all financial projections, budgets and/or forecasts for AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all financial projections, budgets and/or forecasts" over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrase "forecasts" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 43 | For the period January 1, 2012 to present, all business plans (including, without limitation, one-year and multiple year plans of any length) for ABUDAWOOD & PARTNERS. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all business plans" over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the phrase "business plans" as vague and ambiguous, rendering it hopelessly over broad and unduly burdensome as it could be interpreted to include any document discussing any business activities during the requsted period.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer,* 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6.<br><br>Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 44 | For the period January 1, 2012 to present, all | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | business plans (including without limitation, one-year and/or multiple year plans of any length) for NATIONAL CLEANING. | privacy laws, or any other applicable privilege or protection.

Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all business plans" over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.

Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5.

Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50.

Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrase "business plans" as vague and ambiguous, rendering it hopelessly over broad and unduly burdensome as it could be interpreted to include any document discussing any business activities during the requested period.

Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer,* 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6.

Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.

Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.

Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 45 | For the period January 1, 2012 to present, all business plans (including without limitation, one-year and/or multiple year plans of any length) for the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.

Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all business plans" over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon,* |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.

Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.

Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.

Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50.

Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to the phrase "business plans" as vague and ambiguous, rendering it hopelessly over broad and unduly burdensome as it could be interpreted to include any document discussing any business activities during the requsted period.

Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.

Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court.

Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.

Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 46 | For the period January 1, 2012 to present, all business plans (including without limitation, one-year and/or multiple year plans of any length) for AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.

Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all business plans" over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. |
| | | Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrase "business plans" as vague and ambiguous, rendering it hopelessly over broad and unduly burdensome as it could be interpreted to include any document discussing any business activities during the requsted period. |
| | | Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this request because it is cumulative or duplicative of information already provided to Deloitte in connection with their valuation in the ongoing proceedings in the Saudi court. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| | | Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 47 | For the period January 1, 2012 to present, all income tax returns filed in any jurisdiction for, on behalf of, or relating to ABUDAWOOD & PARTNERS. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this request to the extent it calls for information protected by California or any other jurisdictions protections for tax documents. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years and seeks production of documents in "any jurisdiction." *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. *See Dart Indus. Co.*, 649 F.2d at 649-50.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 48 | For the period January 1, 2012 to present, all income tax returns filed in any jurisdiction for, on behalf of, or relating to NATIONAL CLEANING. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request to the extent it calls for information protected by California or any other jurisdictions protections for tax documents.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years and seeks production of documents in "any jurisdiction." *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. *See Dart Indus. Co.*, 649 F.2d at 649-50.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera,* 2006 WL 733498, at *6. |

| No. | Documents Requested | Clorox's Objections |
|-----|--------------------|--------------------|
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 49 | For the period January 1, 2012 to present, all income tax returns filed in any jurisdiction for, on behalf of, or relating to the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.

Clorox objects to this request to the extent it calls for information protected by California or any other jurisdictions protections for tax documents.

Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years and seeks production of documents in "any jurisdiction." *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.

Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.

Clorox objects to this request because it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. *See Dart Indus. Co.*, 649 F.2d at 649-50.

Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited.

Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.

Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 50 | For the period January 1, 2012 to present, all income tax returns filed in any jurisdiction for, on behalf of, or relating to AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.

Clorox objects to this request to the extent it calls for information protected by California or any other jurisdictions protections for tax documents.

Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years and seeks production of documents in "any jurisdiction." *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.

Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. *See Dart Indus. Co.*, 649 F.2d at 649-50.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 51 | For the period January 1, 2012, to present, all COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP relating to the financial statements, financial projections, budgets, forecasts and business plans of ABUDAWOOD & PARTNERS. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all commuications" in any way relating to the finances or business ongoings of Abudawood & Partners over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| | | enumerated companies. Clorox objects to the phrase "forecasts and business plans" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 52 | For the period January 1, 2012 to present, all COMMUNICATIONS between CLOROX, on the one hand, and Sheikh Osama, Sheikh Anas, and/or Sheikh Ayman, on the other hand, relating to the financial statements, financial projections, budgets, forecasts and business plans of ABUDAWOOD & PARTNERS. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all commuications" in any way relating to the finances and business ongoings of Abudawood & Partners over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the phrase "forecasts and business plans" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 53 | For the period January 1, 2012 to present all COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP relating to the financial | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not |

| No. | Documents Requested | Clorox's Objections |
|-----|--------------------|--------------------|
| | statements, financial projections, budgets, forecasts and business plans of NATIONAL CLEANING. | reasonably specific as it requests "all commuications" in any way relating to the finances and business ongoings of National Cleaning over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrase "forecasts and business plans" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 54 | For the period January 1, 2012 to present, all COMMUNICATIONS between CLOROX, on the one hand, and Sheikh Osama, Sheikh Anas, and/or Sheikh Ayman, on the other hand, relating to the financial statements, financial projections, budgets, forecasts and business plans of NATIONAL CLEANING. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all commuications" in any way relating to the finances and business ongoings of National Cleaning over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| | | 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrase "forecasts and business plans" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 55 | For the period January 1, 2012 to present all COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP relating to the financial statements, financial projections, budgets, forecasts and business plans of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all commuications" in any way relating to the finances and business ongoings of unnamed entities over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to the phrase "forecasts and business plans" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 56 | For the period January 1, 2012 to present, all COMMUNICATIONS between CLOROX, on the one hand, and Sheikh Osama, Sheikh Anas, and/or Sheikh Ayman, on the other hand, relating to the financial statements, financial projections, budgets, forecasts and business plans of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all commuications" in any way relating to the finances and business of unnamed entities over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to the phrase "forecasts and business plans" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |

44

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 57 | For the period January 1, 2012 to present all COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP relating to the financial statements, financial projections, budgets, forecasts and business plans of AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all commuications" in any way relating to the finances and business of Al Wafra International Company over the course of over eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies.Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrase "forecasts and business plans" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 58 | For the period January 1, 2012 to present, all COMMUNICATIONS between CLOROX, on the one hand, and Sheikh Osama, Sheikh Anas, and/or Sheikh Ayman, on the other | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all commuications" in any way relating to the finances and business of Al Wafra International Company over the course of over |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | hand, relating to the financial statements, financial projections, budgets, forecasts and business plans of AL WAFRA INTERNATIONAL COMPANY. | eight years. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14 (a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation); *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrase "forecasts and business plans" as vague and ambiguous and therefore overly broad and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 59 | For the period January 1, 2012 to present, documents constituting or relating or referring to any promissory note to or from any affiliated entity, officer, director, shareholder, partner, or member of ABUDAWOOD & PARTNERS. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant to the ongoing litigation in Saudi Arabia by seeking information about "affiliated entit[ies], officer[s], director[s], shareholder[s], partner[s], or member[s]" which could be interpreted as any person or entity ever associated with Abudawood & Partners. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the phrase "affiliated entity," "partner," and "member" as vague and ambiguous rendering this request over broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 60 | For the period January 1, 2012 to present, documents constituting or relating or referring to any promissory note to or from any affiliated entity, officer, director, shareholder partner, or member of NATIONAL CLEANING. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "affiliated entit[ies], officer[s], director[s], shareholder[s], partner[s], or member[s]" which could be interpreted as any person or entity ever associated with National Cleaning. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrase "affiliated entity," "partner," and "member" as vague and ambiguous rendering this request over broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 61 | For the period January 1, 2012 to present, documents constituting or relating or referring to any promissory note to or from any officer, director, shareholder, partner, or member of any of the ADDITIONAL CLOROX/ABUDAWOOD ENTITIES. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant to the ongoing litigation in Saudi Arabia by seeking information about "affiliated entit[ies], officer[s], director[s], shareholder[s], partner[s], or member[s]" which could be interpreted as any person or entity ever associated with Abudawood entities. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| | | WL 3581171, at *1. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to the phrase "affiliated entity," "partner," and "member" as vague and ambiguous rendering this request over broad and unduly burdensome. |
| | | Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| | | Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 62 | For the period January 1, 2012 to present, documents constituting or relating or referring to any promissory note to or from any officer, director, shareholder, partner, or member of any of AL WAFRA INTERNATIONAL COMPANY. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting documents for a time span of more than eight years. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "affiliated entit[ies], officer[s], director[s], shareholder[s], |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | partner[s], or member[s]" which could be interpreted as any person or entity ever associated with Al Wafra International Company. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrase "affiliated entity," "partner," and "member" as vague and ambiguous rendering this request over broad and unduly burdensome.<br><br>Clorox objects to this request to the extent that it seeks information or documents that are not in Clorox's possession, custody, or control, including, for example, documents and things in the possession, custody, or control of third parties or entities in which Clorox has an interest, but over which Clorox does not have control. *See ASUSTeK Computer*, 2013 WL 6000992, at *1; *Tessera*, 2006 WL 733498, at *6.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid.<br><br>Clorox objects to this request to the extent it seeks documents revealing trade secrets or commercial information that is protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). |
| 63 | All COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP relating or referring to the death or post-mortem estate of Sheikh Osama and/or the disposition thereof before or after his death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting all communications "before or after [Sheikh Osama's] death." *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 64 | All COMMUNICATIONS between CLOROX and Sheikh Osama relating or referring to the assets or post-mortem estate of Sheikh Osama and/or the disposition thereof before or after his death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all communications" "relating or referring to" Sheikh Osama's estate, regardless of its relevance to Deloitte's valuation. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting all communications "before or after [Sheikh Osama's] death." *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 65 | All COMMUNICATIONS between CLOROX and Sheikh Anas and/or Sheikh Ayman relating or referring to the assets and/or post-mortem | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | estate of Sheikh Osama and/or the disposition thereof before or after his death. | reasonably specific as it requests "all communications" "relating or referring to" Sheikh Osama's estate, regardless of its relevance to Deloitte's valuation. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting all communications "before or after [Sheikh Osama's] death." *Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 66 | All COMMUNICATIONS between CLOROX and Jeffrey Trinklein and/or any other attorney with the law firm of Gibson, Dunn & Crutcher LLP relating or referring to the assets and/or the post-mortem estate of Sheikh Osama and/or the disposition thereof before or after his death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it requests "all communications" "relating or referring to" Sheikh Osama's estate, regardless of its relevance to Deloitte's valuation. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting all communications "before or after [Sheikh Osama's] death." *Moon,* 232 F.R.D. at 637; *AngioScore,* 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 67 | All COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP relating or referring to Eleanor's and/or her minor daughter's inherited interest in assets or the estate of Sheikh Osama before or after his death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting all communications "before or after [Sheikh Osama's] death." *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the phrase "inherited interest in assets or the estate of Sheikh Osama" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 68 | All COMMUNICATIONS between CLOROX and Sheikh Osama relating or, referring to Eleanor's and/or her minor daughter's inherited interest in assets or the estate of Sheikh Osama before or after his death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting all communications "before or after [Sheikh Osama's] death." *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the phrase "inherited interest in assets or the estate of Sheikh Osama" as vague and ambiguous. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 69 | All COMMUNICATIONS between CLOROX and Sheikh Anas and/or Sheikh Ayman relating to Eleanor's and/or her minor daughter's inherited interest in assets or the estate of Sheikh Osama before or after his death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting all communications "before or after [Sheikh Osama's] death." *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the phrase "inherited interest in assets or the estate of Sheikh |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Osama" as vague and ambiguous. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 70 | All COMMUNICATIONS between CLOROX and Jeffrey Trinklein and/or any other attorney with the law firm of Gibson, Dunn & Crutcher LLP relating to Eleanor's and/or her minor daughter's inherited interest in assets or the estate of Sheikh Osama before or after his death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting all communications "before or after [Sheikh Osama's] death." *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the phrase "inherited interest in assets or the estate of Sheikh Osama" as vague and ambiguous. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 71 | All COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP relating to Eleanor's and/or her minor daughter's potential ownership interest in ABUDAWOOD & PARTNERS before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 72 | All COMMUNICATIONS between CLOROX and Sheikh Anas and/or Sheikh Ayman relating to Eleanor's and/or her minor daughter's potential ownership interest in ABUDAWOOD & PARTNERS before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| 73 | All COMMUNICATIONS between CLOROX and Sheikh Osama relating to Eleanor's and/or her minor daughter's potential ownership interest in ABUDAWOOD & PARTNERS before or after his death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify a reasonable time limit for the requested information by requesting all communications "before or after [Sheikh Osama's] death." *Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 74 | All COMMUNICATIONS between CLOROX and Jeffrey Trinklein and/or any other attorney with the law firm of Gibson, Dunn & Crutcher LLP relating to Eleanor's and/or her minor daughter's potential ownership interest in ABUDAWOOD & PARTNERS before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood & Partners" to the extent that the definition is overly broad and purports to include a different entity than Abudawood & Partners for Industry Company Limited. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 75 | All COMMUNICATIONS between CLOROX and ABUDAWOOD before or after Sheikh Osama's death GROUP relating to Eleanor's and/or her minor daughter's potential ownership interest in NATIONAL CLEANING before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous. Clorox objects that "Abudawood" is not a defined term and is therefore vague, ambiguous, overly broad, and unduly burdensome.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 76 | All COMMUNICATIONS between CLOROX and Sheikh Osama relating to Eleanor's and/or her minor daughter's potential ownership inherited interest in NATIONAL CLEANING | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | before or after Sheikh Osama's death. | 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrase "potential ownership inherited interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 77 | All COMMUNICATIONS before or after Sheikh Osama's death between CLOROX and Sheikh Anas and/or Sheikh Ayman relating to Eleanor's and/or her minor daughter's potential ownership interest in NATIONAL CLEANING before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.,* 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 78 | All COMMUNICATIONS between CLOROX and Jeffrey Trinklein and/or any other attorneys with the law firm of Gibson, Dunn & Crutcher LLP relating to Eleanor's and/or her minor daughter's potential ownership interest in NATIONAL CLEANING before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA,* 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "National Cleaning" to the extent that this definition is vague, ambiguous, and overly broad in that it purports to include entities other than National Cleaning Products Company Limited. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 79 | All COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP relating to Eleanor's and/or her minor daughter's potential ownership interest in any ADDITIONAL CLOROX/ABUDAWOOD ENTITIES before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto,* 282 F.R.D. at 505; *Moon,* 232 F.R.D. at 638; *Nidec,* 249 F.R.D. at 577; *DIRECTV,* 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 80 | All COMMUNICATIONS between CLOROX and Sheikh Anas and/or Sheikh Ayman relating to Eleanor's and/or her minor daughter's potential ownership interest in any ADDITIONAL CLOROX/ABUDAWOOD ENTITIES before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 81 | All COMMUNICATIONS between CLOROX and | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | Sheikh Osama relating to Eleanor's and/or her minor daughter's potential ownership interest in any ADDITIONAL CLOROX/ABUDAWOOD ENTITIES before or after Sheikh Osama's death. | privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 82 | All COMMUNICATIONS between CLOROX and Jeffrey Trinklein and/or any other attorney with the law firm of Gibson, Dunn & Crutcher LLP relating to Eleanor's and/or her minor daughter's potential ownership interest in any ADDITIONAL CLOROX/ABUDAWOOD ENTITIES before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | Clorox objects to the definition of "Additional Clorox/Abudawood Entities" to the extent that this definition is vague, ambiguous, and overly broad by purporting to include different entities than Al Wafra International Company for Industrial Investments, Abudawood & Partners for Industry Company Limited, and National Cleaning Products Company Limited. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 83 | All COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP relating to Eleanor's and/or her minor daughter's potential ownership interest in AL WAFRA INTERNATIONAL COMPANY before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies.Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 84 | All COMMUNICATIONS between CLOROX and Sheikh Osama relating to Eleanor's and/or her minor daughter's potential ownership interest in AL WAFRA INTERNATIONAL | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | COMPANY before or after Sheikh Osama's death. | which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 85 | All COMMUNICATIONS between CLOROX and Sheikh Anas and/or Sheikh Ayman relating to Eleanor's and/or her minor daughter's potential ownership interest in AL WAFRA INTERNATIONAL COMPANY before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous. |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
|     |                     | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 86  | All COMMUNICATIONS between CLOROX and Jeffrey Trinklein and/or any other attorney with the law firm of Gibson, Dunn & Crutcher LLP relating to Eleanor's and/or her minor daughter's potential ownership interest in AL WAFRA INTERNATIONAL COMPANY before or after Sheikh Osama's death. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Al Wafra International Company" to the extent that these definitions are overly broad by purporting to include a different entity than Al Wafra International Company for Industrial Investments. Clorox objects to the phrase "potential ownership interest" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 87  | All COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP regarding the disputes currently pending before the courts in the Kingdom of Saudi Arabia certain of the ABUDAWOOD GROUP companies, on the one hand, and the heirs of Sheikh Osama, on the other hand, relating or referring to disposition of Sheikh Osama's assets. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.

Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.

Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies.

Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 88 | All COMMUNICATIONS between CLOROX and Sheikh Anas and/or Sheikh Ayman regarding the disputes currently pending before the courts in the Kingdom of Saudi Arabia between certain entities within the ABUDAWOOD GROUP companies, on the one hand, and the heirs of Sheikh Osama, on the other hand, relating or referring to disposition of Sheikh Osama's assets. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.

Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.

Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.

Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.

Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.

Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies.

Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| 89 | All COMMUNICATIONS between CLOROX and Jeffrey Trinklein and/or any other attorney with the law firm of Gibson, Dunn & Crutcher LLP regarding the disputes currently pending before the courts in the Kingdom of Saudi Arabia between certain entities within the ABUDAWOOD GROUP companies, on the one hand, and the heirs of Sheikh Osama, on the other hand, relating or referring to disposition of Sheikh Osama's assets. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 90 | All COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP regarding or referring to the dispute pending in the United States District Court, Central District of California, between Eleanor and her minor daughter, on the one hand, and Sheikh Ayman, Sheikh Anas, and certain entities within the ABUDAWOOD GROUP companies, on the other hand. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
|     |                     | request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence. |
|     |                     | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
|     |                     | Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. |
|     |                     | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 91  | All COMMUNICATIONS between CLOROX and Sheikh Anas and/or Sheikh Ayman regarding or relating to the dispute pending in the United States District Court, Central District of California, between Eleanor and her minor daughter, on the one hand, and Sheikh Ayman, Sheikh Anas, and certain entities within the ABUDAWOOD GROUP companies, on the other hand. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
|     |                     | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14. |
|     |                     | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
|     |                     | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recipents of the communications requested in the appropriate forum in Saudi Arabia. |
|     |                     | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
|     |                     | Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. |
|     |                     | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |

| No. | Documents Requested | Clorox's Objections |
|-----|---------------------|---------------------|
| 92 | All COMMUNICATIONS between CLOROX and Jeffrey Trinklein and/or any other attorneys with the law firm of Gibson, Dunn & Crutcher LLP regarding or relating to the dispute pending in the United States District Court, Central District of California, between Eleanor and her minor daughter, on the one hand, and Sheikh Anas, Sheikh Ayman, and certain entities within of the ABUDAWOOD GROUP companies, on the other hand. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 93 | All COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP regarding or relating to the requirements of, potential or actual violation of, or compliance with, any LAWS of the Kingdom of Saudi Arabia or any jurisdictions therein, whether any such LAWS were specifically or formally cited in any such COMMUNICATIONS, including, without limitation, the Foreign Investment Law issued by Royal Decree No. (M/1) dated 5/1/1421H (Corresponding to | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | 10/4/2000 AD) and the Anti-Concealment Law issued by Royal Decree No. M/22 dated 4/51425H (Corresponding to 6/22/2004 AD), and any successor thereto. | request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. Clorox objects to the phrase "requirements of, potential or actual violation of, or compliance with" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 94 | All COMMUNICATIONS between CLOROX and Sheikh Osama regarding or relating to the requirements of, potential or actual violation of, or compliance with, any LAWS of the Kingdom of Saudi Arabia or any jurisdictions therein, whether any such LAWS were specifically or formally cited in any such COMMUNICATIONS, including, without limitation, the Foreign Investment Law issued by Royal Decree No. (M/1) dated 5/1/1421H (Corresponding to 10/4/2000 AD) and the Anti-Concealment Law issued by Royal Decree No. M/22 dated 4/51425H (Corresponding to 6/22/2004 AD), and any successor thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.,* 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel,* 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the phrase "requirements of, potential or actual violation of, or compliance with" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 95 | All COMMUNICATIONS between CLOROX and | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | Jeffrey Trinklein and/or any other attorney with the law firm of Gibson, Dunn & Crutcher LLP regarding the requirements of, potential or actual violation of, or compliance with, any LAWS of the Kingdom of Saudi Arabia or any jurisdictions therein, whether any such LAWS were specifically or formally cited in any such COMMUNICATIONS, including, without limitation, the Foreign Investment Law issued by Royal Decree No. (M/1) dated 5/1/1421H (Corresponding to 10/4/2000 AD) and the Anti-Concealment Law issued by Royal Decree No. M/22 dated 4/51425H (Corresponding to 6/22/2004 AD), and any successor thereto. | privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the phrase "requirements of, potential or actual violation of, or compliance with" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 96 | All COMMUNICATIONS between CLOROX and Sheikh Anas regarding or relating to the requirements of, potential or actual violation of, or compliance with, any LAWS of the Kingdom of Saudi Arabia and any jurisdictions therein, whether any such LAWS were specifically or formally cited in any such COMMUNICATIONS, including, without limitation, the Foreign Investment Law issued by Royal Decree No. (M/1) dated 5/1/1421H (Corresponding to 10/4/2000 AD) and the Anti-Concealment Law issued by Royal Decree No. M/22 dated | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | 4/51425H (Corresponding to 6/22/2004 AD), and any successor thereto. | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the phrase "requirements of, potential or actual violation of, or compliance with" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 97 | All COMMUNICATIONS between CLOROX and Sheikh Ayman regarding or relating to the requirements of, potential or actual violation of, or compliance with, any LAWS of the Kingdom of Saudi Arabia and any jurisdictions therein, whether any such LAWS were specifically or formally cited in any such COMMUNICATIONS, including, without limitation, the Foreign Investment Law issued by Royal Decree No. (M/1) dated 5/1/1421H (Corresponding to 10/4/2000 AD) and the Anti-Concealment Law issued by Royal Decree No. M/22 dated 4/22/2004H (Corresponding to 6/22/2004 AD), and any successor thereto. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.,* 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the phrase "requirements of, potential or actual violation of, or compliance with" as vague and ambiguous.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 98 | All COMMUNICATIONS between CLOROX and ABUDAWOOD GROUP, including its RELATED PERSONS, regarding or relating to all nominee, designee and agency appointments, | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | arrangements and agreements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group. | which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1. |
| | | Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence. |
| | | Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |
| | | Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies. |
| | | Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 99 | All COMMUNICATIONS between CLOROX and Jeffrey Trinklein and/or any other attorneys with the law firm of Gibson, Dunn & Crutcher LLP regarding or relating to all nominee, designee and agency appointments, arrangements and agreements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14. |
| | | Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3. |
| | | Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 100 | All COMMUNICATIONS between CLOROX and Sheikh Osama regarding or relating to all nominee, designee and agency appointments, arrangements and agreements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because, by the terms of the |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
| | | request and the definition of "Abudawood Group," entities that are parties to the pending litigation in Saudi Arabia and would be in possession of any responsive communications in existence.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation.<br><br>Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |
| 101 | All COMMUNICATIONS between CLOROX and Sheikh Anas and/or Sheikh Ayman regarding or relating to all nominee, designee and agency appointments, arrangements and agreements between CLOROX and ABUDAWOOD GROUP, or any member or RELATED PERSONS of said group. | Clorox objects to this request to the extent it calls for information that is protected by the attorney-client privilege, the attorney work product protection, international data privacy laws, or any other applicable privilege or protection.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as the request lacks specificity as to what documents it seeks and places an inappropriate burden on a nonparty to search for "all communications" which could be obtained through less burdensome means. *See* Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii); *Dart Indus. Co.*, 649 F.2d at 649; *C.B.S.*, 666 F.2d at 371–72; *NCAA*, 2012 WL 4846522, at *1-2; *Mattel*, 353 F.3d at 813–14.<br><br>Clorox objects to this request as it is overly broad, unduly burdensome, and not reasonably specific as it fails to specify any time limit for the requested information. *See Moon*, 232 F.R.D. at 637; *AngioScore*, 2014 WL 6706873, at *3.<br><br>Clorox objects to the request as overly broad and unduly burdensome as it seeks information that involves Clorox's business relationships with entities whose information is not relevant in the ongoing litigation in Saudi Arabia by seeking information about "related persons," which could be interpreted as any person or entity ever associated with Abudawood Group. *See Moon*, 232 F.R.D. at 638; *Waymo*, 2017 WL 3581171, at *1.<br><br>Clorox objects to this request as it is unduly broad and unduly burdensome because Ms. de Leon has not sought discovery from the proper entity that is located abroad and is involved in the ongoing litigation in Saudi Arabia. *See Soto*, 282 F.R.D. at 505; *Moon*, 232 F.R.D. at 638; *Nidec*, 249 F.R.D. at 577; *DIRECTV*, 2015 WL 8302932, at *5. Further, Clorox objects to this request because Ms. de Leon has not attempted to seek discovery from the recpients of the communications requested in the appropriate forum in Saudi Arabia.<br><br>Clorox objects to this request because it seeks information not relevant to any claim or defense in a foreign court and/or is not proportional to the needs of that case as it does not seek information relevant to Ms. de Leon's stated use of evaluating Deloitte's valuation, once complete. *See Dart Indus. Co.*, 649 F.2d at 649-50. Further, Clorox objects to this request as it seeks information that was not requested by Deloitte or the Saudi court, and is therefore irrelevant to Deloitte's valuation. |

| No. | Documents Requested | Clorox's Objections |
|---|---|---|
|  |  | Clorox objects to the definition of "Abudawood Group" as overly broad and unduly burdensome to the extent it includes the "parent companies or entities, subsidiaries and affiliated entities" of the enumerated companies.<br><br>Clorox objects to this request because Ms. de Leon has not met the mandatory statutory requirements of 28 U.S.C. § 1782 and her subpoena is invalid. |